Larry Michael RIGDON II, Appellant

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2003–CA–000872–MR.

Court of Appeals of Kentucky.

Aug. 13, 2004.

Larry Michael Rigdon II, Eddyville, KY, pro se.

Albert B. Chandler III, Attorney General of Kentucky, Courtney J. Hightower, Assistant Attorney General, Frankfort, KY, for appellee.

Before GUIDUGLI, McANULTY, and MINTON, Judges.

MINTON, Judge.

Larry Michael Rigdon II (Rigdon), *pro se*, appeals as a matter of right from the judgment of the Henderson Circuit Court sentencing him to a total of three years' imprisonment following his guilty plea to one count of receiving stolen property over $300 [1] and one count of theft of services under $300.[2] Rigdon asserts that the circuit court abused its discretion in denying his motion to withdraw his guilty plea based on his allegation that it was involuntary because it was the product of ineffective assistance of counsel. Having considered the record, the parties' briefs, and the applicable case law, we affirm the judgment of the Henderson Circuit Court.

On June 20, 2002, Rigdon was indicted on the previously-mentioned charges. The indictment also alleged that he was a second-degree persistent felony offender (PFO).[3] Rigdon initially entered a not guilty plea. On his scheduled trial date, November 27, 2002, Rigdon filed a motion to enter a guilty plea pursuant to a plea agreement. The Commonwealth agreed to

---

1. Kentucky Revised Statutes (KRS) 514.110.

2. KRS 514.060. Rigdon was alleged to have diverted long distance telephone service.

3. KRS 532.080.

dismiss the charge of being a second-degree PFO in exchange for Rigdon's entering a guilty plea to the two remaining charges. The Commonwealth also agreed to recommend sentences of three years for the receiving stolen property charge and twelve months for the theft of services charge, with the sentences to run concurrently with each other but consecutively with any other sentences which Rigdon had previously been ordered to serve.[4] The circuit court then conducted a hearing, pursuant to *Boykin v. Alabama,*[5] to determine whether Rigdon's guilty plea was entered voluntarily. Based upon this hearing, the circuit court made a written finding in its November 27, 2002, order of adjudication of guilt that "the defendant's guilty plea was knowingly, understandable [sic], competently and voluntarily made." Final sentencing was set for January 13, 2003.

On January 6, 2003, Rigdon filed a *pro se* motion to withdraw his guilty plea on the ground that it was involuntary because it was the result of ineffective assistance of counsel. Rigdon pointed to a lack of communication with his appointed attorney, Greg Sutton of the Department of Public Advocacy (DPA). Rigdon stated that he had only spoken to Sutton twice, once at arraignment and once two days before his trial date. He alleged that Sutton told him upon presenting the plea offer that he "[could not] do anything for"[6] Rigdon at trial and that Rigdon "[had] no alternative but to plead guilty to the charges."[7] He also stated that Sutton refused to properly investigate potential witnesses even though Rigdon had informed Sutton that these witnesses had "vital testimonial evi-

dence in relevance [sic] of a[sic] exculpatory nature."[8] Finally, he alleged that Sutton did not inform him of the options of filing a motion *in limine* to exclude certain evidence or of entering a conditional guilty plea.

No separate evidentiary hearing was conducted. However, at the January 13, 2003, sentencing hearing, Rigdon was given the opportunity before sentencing to explain to the circuit court why he should be permitted to withdraw his plea and how he had suffered from ineffective assistance of counsel. Rigdon was not sworn in or subjected to cross-examination. Rigdon stated that he never spoke with Sutton after his arraignment until November 25, 2002, two days before his scheduled trial date, when Rigdon was transported from KSP at Eddyville to the Henderson County Jail. Sutton's office also refused to accept Rigdon's collect phone calls. When Sutton came to him with the plea offer two days before trial, Rigdon said that he felt that he "had no other alternative but to take a guilty plea" because he did not think that Sutton could have sufficiently prepared for trial in two days. He also stated that Sutton never explained to him the options of filing a motion *in limine* or entering a conditional guilty plea. Rigdon did not identify what evidence he believed could have been excluded by a motion *in limine* or the basis for its exclusion. Similarly, he never identified the basis for a conditional guilty plea. He did not address his earlier allegations that counsel failed to investigate witnesses identified as having exculpatory evidence.

4. Rigdon was already a convicted felon and was incarcerated at Kentucky State Penitentiary (KSP) at Eddyville at the time.

5. 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

6. Def's Mot. to Withdraw Guilty Plea at 2.

7. *Id.*

8. *Id.*

Sutton also spoke at the sentencing hearing. Like Rigdon, he was not sworn in or subjected to cross-examination. He conceded that he did not speak to Rigdon in between Rigdon's arraignment and the day when he approached Rigdon with the plea offer, two days before Rigdon's scheduled trial date. Sutton said that he was unable to travel to Eddyville where Rigdon was incarcerated at KSP because of his workload. He also admitted that his office's policy, consistent with cost-saving measures advocated by DPA, was to refuse to accept collect phone calls except in extraordinary circumstances. However, Sutton asserted that he would have been sufficiently prepared for trial if Rigdon had wanted to proceed with a trial. He noted that he had obtained all necessary discovery, and a DPA investigator had investigated the case. He stated that this investigator could have located the appropriate witnesses for trial if necessary. Sutton observed, "I've prepared for trial in a lot less time than two days." He concluded, "If we'd needed to go to trial we would have." Sutton did not address any of Rigdon's other claims.

In its order, entered January 27, 2003, the circuit court summarily denied Rigdon's motion to withdraw his guilty plea in a one-sentence order. Notably, the circuit court made no finding with respect to whether Rigdon's guilty plea was entered voluntarily under the totality of the circumstances. On January 28, 2003, the circuit court entered a judgment of conviction and sentence, sentencing Rigdon according to the Commonwealth's recommendation noted above. Rigdon then filed a timely *pro se* motion for reconsideration. In its April 15, 2003, order denying Rigdon's mo-

tion for reconsideration, the circuit court recounted the testimony of Rigdon and his attorney, Sutton, at the sentencing hearing regarding the brevity of attorney-client communication. The circuit court also described Rigdon's statements made in the plea colloquy as follows:

Under the court's questioning during the guilty plea colloquy, Rigdon testified that he had all the time he wished to consult with his attorney. Rigdon also stated that he was fully satisfied with what his attorney had done for him, and that he had no complaints about his attorney's performance. Rigdon stated that he understood he had the right to go to trial if he so chose and that Sutton had made it clear that if he did wish to go to trial, Sutton would represent him at trial to the best of his ability. Rigdon also specifically assured the court that his guilty plea was "made freely and voluntarily and because [he was] in fact guilty of the charges contained in the indictment."

This testimony, as a whole, indicates that the guilty plea was made intelligently and voluntarily.[9]

Based on the foregoing, the circuit court denied Rigdon's motion to reconsider its order denying his motion to withdraw his guilty plea.

When a criminal defendant pleads guilty, Rule 8.10 of the Kentucky Rules of Criminal Procedure (RCr) requires the trial court receiving the guilty plea to determine on the record whether the defendant is voluntarily pleading guilty.[10] Whether a guilty plea is voluntarily given is to be determined from the totality of the circumstances surrounding it.[11] The trial court is in the best position

---

9. Order of 4/15/03 at 2–3 (alteration in original).

10. *Bronk v. Commonwealth,* Ky., 58 S.W.3d 482, 486 (2001).

11. *Id.*

to determine the totality of the circumstances surrounding a guilty plea.[12] Once a criminal defendant has pleaded guilty, he may move the trial court to withdraw the guilty plea, pursuant to RCr 8.10. If the plea was involuntary, the motion to withdraw it must be granted.[13] However, if it was voluntary, the trial court may, within its discretion, either grant or deny the motion.[14] Whether to deny a motion to withdraw a guilty plea based on a claim of ineffective assistance of counsel first requires "a *factual* inquiry into the circumstances surrounding the plea, primarily to ascertain whether it was voluntarily entered."[15] The trial court's determination on whether the plea was voluntarily entered is reviewed under the clearly erroneous standard.[16] A decision which is supported by substantial evidence is not clearly erroneous.[17] If, however, the trial court determines that the guilty plea was entered voluntarily, then it may grant or deny the motion to withdraw the plea at its discretion. This decision is reviewed under the abuse of discretion standard.[18] A trial court abuses its discretion when it renders a decision which is arbitrary, unreasonable, unfair, or unsupported by legal principles.[19]

A criminal defendant may demonstrate that his guilty plea was involuntary by showing that it was the result of ineffective assistance of counsel. In such an instance, the trial court is to "consider the totality of the circumstances surrounding the guilty plea and juxtapose the presumption of voluntariness inherent in a proper plea colloquy with a *Strickland v. Washington*[20] inquiry into the performance of counsel."[21] To support a defendant's assertion that he was unable to intelligently weigh his legal alternatives in deciding to plead guilty because of ineffective assistance of counsel, he must demonstrate the following:

(1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.[22]

Advising a client to plead guilty is not, in and of itself, evidence of any degree of ineffective assistance of counsel.[23] The

---

12. *Id.*

13. *Rodriguez v. Commonwealth*, Ky., 87 S.W.3d 8, 10 (2002).

14. *Id.*

15. *Bronk*, 58 S.W.3d at 489 (Cooper, J., concurring).

16. *Id.*

17. *Baltimore v. Commonwealth*, Ky.App., 119 S.W.3d 532, 539 (2003).

18. *Bronk*, 58 S.W.3d at 487.

19. *Goodyear Tire and Rubber Co. v. Thompson*, Ky., 11 S.W.3d 575, 581 (2000). *Cf. Kennedy v. Commonwealth*, Ky.App., 962 S.W.2d 880, 882 (1997) (holding that "fair play and hones-

ty" as well as RCr 8.10, require a trial court to permit a defendant to withdraw his guilty plea, despite the fact that it was made knowingly, voluntarily, and intelligently as part of a plea agreement, where the trial court subsequently declined to follow the Commonwealth's sentencing recommendation).

20. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

21. *Bronk*, 58 S.W.3d at 486 (footnotes omitted).

22. *Sparks v. Commonwealth*, Ky.App., 721 S.W.2d 726, 727–28 (1986).

23. *Beecham. v. Commonwealth*, Ky., 657 S.W.2d 234, 236–37 (1983).

Kentucky Supreme Court has stated that "[g]enerally, an evaluation of the circumstances supporting or refuting claims of coercion and ineffective assistance of counsel requires an inquiry into what transpired between attorney and client that led to the entry of the plea, *i.e.*, an evidentiary hearing." [24]

Our analysis of the circumstances surrounding Rigdon's guilty plea begins with the plea hearing itself. Rigdon's plea hearing was conducted simultaneously with that of two other defendants who were indicted for separate crimes and had no connection to Rigdon. The Kentucky courts have not addressed the propriety of conducting a plea colloquy with multiple defendants at once.[25] The Tennessee Supreme Court has stated that such a colloquy is sufficient under *Boykin* so long as each defendant is represented by counsel, the number of defendants involved is not so great as to make individual understanding unlikely, and each defendant is addressed individually to establish on the record his understanding of his rights, the charges against him, and the implications of a guilty plea, as well as his intent to enter a guilty plea.[26] Similarly, the Court of Appeal of Louisiana, First Circuit, held that a guilty plea hearing in which three defendants were advised of their rights jointly was adequate because the court personally addressed each defendant; and the proceedings were adequate to establish that the individual defendant at issue knowingly, voluntarily, and expressly waived his *Boykin* rights.[27] While Rigdon's plea hearing was unorthodox, we cannot say that it violated the require-

ments of *Boykin* in this instance. Because there were only three defendants involved in the plea hearing, there were not so many participants as to create confusion or chaos. Rigdon also was represented by counsel and had the opportunity to confer with counsel during the hearing. The circuit court informed Rigdon, along with the two other defendants, that he could stop the hearing at any time and address the court or his counsel if he had a question. The court also reassured the three defendants that if any of them wished to proceed with a trial, he would be tried separately. While the court reviewed with the defendants as a group the rights which each of them would be waiving by entering a guilty plea, the court addressed Rigdon personally, informing him of the specific charges against him and the terms of his plea agreement. The court then obtained all the individualized responses of Rigdon which would ordinarily occur in a *Boykin* hearing. This is not an instance where the presence of multiple defendants resulted in a cursory or less than thorough plea colloquy. While an individualized plea hearing might have been preferable, we hold that Rigdon's plea hearing was adequate for the circuit court to determine whether his guilty plea was made knowingly and voluntarily.

We note that in its order denying Rigdon's motion to withdraw his guilty plea, the circuit court did not make the required finding that Rigdon's guilty plea was made voluntarily under the totality of the circumstances. However, the failure of a trial court to make a finding of fact on an issue essential to the judgment shall not

**24.** *Rodriguez*, 87 S.W.3d at 11.

**25.** While Rigdon has not raised this issue, we feel that we must consider it because of the constitutional implications of *Boykin*.

**26.** *Tennessee v. Neal*, 810 S.W.2d 131, 138 (Tenn.1991), *withdrawn* June 3, 1991, *and order withdrawing opinion rescinded*, June 21, 1991.

**27.** *Louisiana v. Verdin*, 845 So.2d 372, 377 (La.App. 1 Cir., 2003).

be grounds for reversal or remand unless it is brought to the attention of the court by a written request for the finding no later than ten days after entry of judgment.[28] Two days after the entry of the judgment at issue, Rigdon filed a *pro se* motion for reconsideration under CR 59.05. This motion, which might more properly be styled a motion to alter, amend, or vacate the judgment, stated, in part, that the circuit court "failed to conduct itself accordingly [sic] to the rule set forth in *Rodriguez Vs. Commonwealth* [sic]." The subsequent order denying Rigdon's motion for reconsideration contains a finding of fact that Rigdon's plea was voluntary under the totality of the circumstances and recites the evidence which the court relied upon in making this decision. Thus, any deficiency in the original order denying the motion to withdraw Rigdon's guilty plea is remedied by the fact that the trial court's order on the motion to reconsider contains the necessary finding of fact.

■■■■ Once Rigdon raised a particularized claim of ineffective assistance of counsel, the circuit court needed to look beyond the plea colloquy to determine whether his plea was voluntarily entered under the totality of the circumstances surrounding his plea. As the Kentucky Supreme Court stated in *Rodriguez*, a claim of ineffective assistance of counsel "[g]enerally . . . requires an inquiry into what transpired between attorney and client that led to the entry of the plea, *i.e.,* an evidentiary hearing." [29] In the instant case, no evidentiary hearing was conducted. Rigdon and his attorney were both given the opportunity to speak about the allegations Rigdon raised in his motion to withdraw his guilty plea at the sentencing hearing, although neither was placed under oath or subjected to cross-examination. Notably, Rigdon has not alleged that this informal hearing was procedurally inadequate or prejudiced him in anyway. Therefore, this matter is not before the Court. We observe that even if it were before us, we would find that this informal hearing conducted was sufficient under these circumstances for the circuit court to determine the totality of circumstances surrounding Rigdon's guilty plea. Nevertheless, conducting an evidentiary hearing would have been the more prudent course since *Rodriguez* indicates that such a hearing is generally necessary.[30]

■■■ We turn now to the substance of Rigdon's claim of ineffective assistance of counsel since it is the sole basis for his claim that his guilty plea was entered involuntarily. Since the circuit court determined that Rigdon's guilty plea was entered voluntarily, it implicitly rejected his claims of ineffective assistance of counsel. Rigdon claims that the paucity of attorney-client communication demonstrated ineffective assistance of counsel. Sutton admitted that he and Rigdon had only communicated twice, once at Rigdon's arraignment and once two days before trial when Rigdon was transferred to the Henderson County Jail. The fact that counsel consulted only briefly with his client before his client entered a guilty plea does not, absent more, establish ineffective assistance of counsel; it is only a factor to be considered in the totality of the circumstances.[31] In contrast to what he alleged in his motion, Rigdon did not state that Sutton told him that he could

---

**28.** Kentucky Rules of Civil Procedure (CR) 52.04, 52.02.

**29.** 87 S.W.3d at 11.

**30.** *Id.*

**31.** *Jones v. Parke,* 734 F.2d 1142, 1146–47 (6th Cir.1984).

not help Rigdon at trial or that Rigdon had no choice but to plead guilty. Instead, Rigdon stated that he believed these statements to be true. Rigdon did not state that Sutton indicated in any way that he was unprepared for trial. Sutton stated that he could have been ready for trial in two days if Rigdon had wanted to proceed. He had obtained discovery and the DPA investigator had already investigated the case and could assist in locating any necessary witnesses for trial. Finally, Sutton noted that he had experience in preparing for trials on short notice.

■ While the limited communications between Rigdon and Sutton were far from ideal, we note that such situations are not uncommon, especially where a DPA attorney with a heavy caseload represents a defendant who is incarcerated in a distant jail or penitentiary. It is not incredible to believe that an experienced criminal attorney in this situation who had obtained discovery and had the benefit of an investigator to locate witnesses needed for trial could be prepared for trial in two days. We note that the charges, theft of services and receiving stolen property, do not appear especially complex.

■ Rigdon also claims that his counsel was deficient in neglecting to inform him that he could file a motion *in limine* to exclude certain evidence. However, Rigdon never reveals what evidence, if any, he believes could have been excluded or the basis of its exclusion. If the evidence in question were properly admissible, then counsel cannot be deficient for failing to file a motion *in limine*.[32] Likewise, there is no deficiency in failing to instruct one's client of legal defenses or strategies which are not available to the client. An ineffective assistance of counsel claim cannot be based upon mere speculation.[33]

■ Rigdon's claim that his counsel provided ineffective assistance of counsel by not informing him of the possibility of entering a conditional guilty plea fails for the same reason as his claim concerning a motion *in limine*. Rigdon never identifies the basis of his would-be conditional guilty plea. What ruling of the court would he have challenged and upon what basis? Again, Rigdon's claim is based upon mere speculation.

■ While Rigdon alleged in his motion to withdraw his guilty plea that counsel failed to investigate or interview potential witnesses whom Rigdon had identified as having exculpatory evidence, he never identified these witnesses nor the exculpatory evidence which he believed that they possessed. In fact, at his sentencing hearing, Rigdon did not address this issue at all, hence waiving it.

■ Based on the foregoing, we find that Rigdon did not demonstrate that his legal representation fell outside the wide range of acceptable legal representation. Moreover, we note that Rigdon has made no showing of prejudice. He has not demonstrated any reasonable probability that, but for counsel's alleged deficiencies, he would have insisted on going to trial. In fact, the favorable sentence he received under the plea agreement suggests otherwise. Before the plea agreement, Rigdon was facing a possibility of five to ten years imprisonment on the charge of receiving stolen property over $300, if it were en-

---

**32.** Cf. *Bowling v. Commonwealth*, Ky., 80 S.W.3d 405, 414 (2002) ("[F]ailure to object to admissible evidence cannot result in ineffective assistance of counsel.").

**33.** *Moore v. Commonwealth*, Ky., 983 S.W.2d 479, 486–87 (1998).

hanced by the PFO 2nd charge,[34] in addition to up to twelve months on the theft of services under $300 charge. Instead, he received only three years total imprisonment under the plea agreement.

The circuit court concluded that under the totality of the circumstances, Rigdon's plea was entered voluntarily. This conclusion is supported by the record of Rigdon's plea colloquy. Rigdon's sole claim is that, notwithstanding the plea colloquy, his guilty plea was involuntary because it was the product of ineffective assistance of counsel. However, Rigdon fails to demonstrate either any deficiency in his legal representation or any prejudice due to counsel's actions, the two elements of an ineffective assistance of counsel claim. We find no error in the circuit court's determination that Rigdon's plea was entered voluntarily under the totality of the circumstances because this decision is supported by substantial evidence. Rigdon presents no reason why we should find the circuit court's ultimate decision to deny his motion to withdraw his guilty plea to be arbitrary, unreasonable, unfair, or unsupported by legal principles. Thus, we find that the circuit court did not abuse its discretion by denying Rigdon's motion to withdraw his guilty plea.

For the reasons discussed above, we affirm.

ALL CONCUR.

---

34. KRS 532.080(5); 532.060(2)(c),(d); 514.110(3).