RENDERED: MAY 28, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0717-MR

WAKEEM I. POUNCY-ALLEN          APPELLANT

v.          APPEAL FROM KENTON CIRCUIT COURT
HONORABLE KATHLEEN LAPE, JUDGE
ACTION NO. 18-CR-00783

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, KRAMER, AND K. THOMPSON, JUDGES.

COMBS, JUDGE: This is a criminal case in which the Appellant, Wakeem Pouncy-Allen, appeals from an order of the Kenton Circuit Court that denied his motion to withdraw his guilty plea. After our review, we affirm.

Pouncy-Allen was indicted in Kenton County on three felony cases assigned to two different divisions. In the case before us, Kenton Circuit Court, First Division, No. 18-CR-00783, Pouncy-Allen was indicted on June 28, 2018, for

three counts of trafficking in a controlled substance in the first degree, less than four grams cocaine; two counts of trafficking in a controlled substance in the first degree, heroin; and of being a persistent felony offender (PFO) in the first degree.

Pouncy-Allen was also charged with possession of a handgun by a convicted felon and being a PFO in the second degree;[1] receiving stolen property, firearm; and being a PFO in the first degree.[2]  Those charges were assigned to the Kenton Circuit Court, Fourth Division.

On January 15, 2019, Pouncy-Allen entered a guilty plea.  The trial court summarized the pertinent sequence of events in its order of March 20, 2020:

> A change of plea hearing . . . was held July 15, 2019. . . .  [Pouncy-Allen] was represented by Hon. Eva Hagar . . . .  Ms. Hagar told the Court that [there] was a global resolution for all three cases[3] between the two divisions [and] that if for any reason one of the plea recommendations were [sic] rejected, all pleas would be withdrawn, and the cases would be set for trial.  The Court then read the recommendation from the Commonwealth [and] conducted the plea colloquy.  The court found Pouncy-Allen to be capable of reading and understanding the motion to enter a guilty plea, that he understood his constitutional rights and that he understood which rights he was giving up, that he was satisfied with his attorney, that he had all the time he needed to speak with her about the case, and that he had

_____

[1] No. 18-CR-00992.

[2] No. 18-CR-00993.

[3] Pouncy-Allen pled guilty in exchange for a recommendation of a sentence of 12 years in this case. He entered a plea in No. 18-CR-992 in exchange for a recommendation of 15 years; the two sentences would run concurrently for 15 years, and No. 18-CR-993 would be dismissed.

> not been coerced or induced to accept the guilty plea.
> The Court outlined the penalties that the defendant could
> receive should he be found guilty at trial. The Court read
> again . . . the recommendation from the Commonwealth,
> the defendant indicated he understood the plea agreement
> and was not offered any other benefits to accept the offer.
> The defendant then told the Court in his elocution that he
> sold drugs. The Court inquired if he sold cocaine and
> heroin on several occasions, Pouncy-Allen answered,
> "Yes ma'am".

However, before he could be sentenced, Pouncy-Allen notified Attorney Hagar that he wanted to withdraw his pleas. The trial court appointed conflict counsel.

On January 24, 2020, Pouncy-Allen filed a motion to withdraw guilty plea pursuant to RCr[4] 8.10 and RCr 11.42. Pouncy-Allen argued that his plea was not voluntary because defense counsel provided deficient performance and advised him "off-camera" that he could withdraw his guilty plea before sentencing for any reason.

The trial court conducted a hearing on January 31, 2020. The parties presented closing arguments on February 24, 2020, after which the trial court explained that it had watched the videos -- including the change-of-plea hearing, which the trial court went over in detail. The trial court stated that it would review everything again and write an order, but it also advised it had not seen anything to indicate that Pouncy-Allen was not fully aware of what was going on.

---

[4] Kentucky Rules of Criminal Procedure.

By an order entered on March 20, 2020, the trial court denied Pouncy-

Allen's motion as follows:

> Pouncy-Allen testified that he was told by Hagar that he
> could withdraw his plea for any reason. He testified that
> Hagar had only come to see him a week before, . . . that
> Hagar did not go over the evidence in his case with him.
> He further testified that before the current hearing, he
> had asked a couple of lawyers at the jail if he could
> withdraw his plea. He indicated that they said "yes".
> When asked by the Court the names of these attorneys
> he spoke with, Pouncy-Allen could only recall one
> attorney, Chase Cox.

> Ms. Hagar, who represented the defendant at the
> change of plea testified that she is the current director of
> the Campbell County Department of Public Advocacy,
> and has held this position for seven or eight years. . . .[5]
> [S]he visited Pouncy-Allen approximately ten times in
> the Kenton County Detention Center. She admitted that
> she saw him "late in the game" but began visiting him in
> March 2019. She went over all the discovery with him,
> once on a Saturday for several hours. She testified that
> she never advised him that he could withdraw his plea for
> any reason at all. Further, she testified that she has never
> told a client that a plea could be withdrawn for any
> reason. She did discuss with the defendant that pursuant
> to the global plea agreement "that if one plea fell, the
> whole deal would blow up, essentially". . . . [S]he felt
> the evidence was very strong case [*sic*], in one of the
> controlled buys. Hagar agreed that it was her
> recommendation for the defendant to take the plea,
> because of the parole eligibility in the offer.

---

[5] The order reflects that Ms. Hagar was brought in due to a conflict with Kenton County
Department of Public Advocacy.

-4-

In analyzing the applicable law, the trial court found that a proper plea colloquy had been conducted. It also concluded that based upon the totality of the circumstances and the evidence, Pouncy-Allen had entered his plea knowingly, voluntarily, and intelligently. It also found that Attorney Hagar was professionally competent and that there was no basis for a determination of ineffective assistance of counsel.

On appeal,[6] Pouncy-Allen argues that his plea was not "truly knowingly entered because he did not understand the law in relation to the facts of his case," citing *Boykin v. Alabama*, 395 U.S. 238, 243 n.5, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969). As the Commonwealth correctly notes, this citation refers to *McCarthy v. United States*, 394 U.S. 459, 467, 89 S. Ct. 1166, 1171, 22 L. Ed. 2d 418 (1969) (that Rule 11 of the Federal Rules of Criminal Procedure requires judge satisfy himself of factual basis for the plea). Pouncy-Allen further contends that despite trial counsel's testimony (*i.e.*, that she did ***not*** tell him that he ***could*** withdraw his plea for any reason), no one ever affirmatively told him that he could not do so.

> When a criminal defendant pleads guilty, Rule 8.10 of the Kentucky Rules of Criminal Procedure (RCr) requires the trial court receiving the guilty plea to determine on the record whether the defendant is

---

[6] Pouncy-Allen also appealed the denial of his motion to withdraw his guilty plea in No. 18-CR-00992, which is pending before this Court in Case No. 2020-CA-0582-MR.

voluntarily pleading guilty. Whether a guilty plea is voluntarily given is to be determined from the totality of the circumstances surrounding it. The trial court is in the best position to determine the totality of the circumstances surrounding a guilty plea. Once a criminal defendant has pleaded guilty, he may move the trial court to withdraw the guilty plea, pursuant to RCr 8.10. If the plea was involuntary, the motion to withdraw it must be granted. However, if it was voluntary, the trial court may, within its discretion, either grant or deny the motion. Whether to deny a motion to withdraw a guilty plea based on a claim of ineffective assistance of counsel first requires a *factual* inquiry into the circumstances surrounding the plea, primarily to ascertain whether it was voluntarily entered. The trial court's determination on whether the plea was voluntarily entered is reviewed under the clearly erroneous standard. A decision which is supported by substantial evidence is not clearly erroneous. If, however, the trial court determines that the guilty plea was entered voluntarily, then it may grant or deny the motion to withdraw the plea at its discretion. This decision is reviewed under the abuse of discretion standard. A trial court abuses its discretion when it renders a decision which is arbitrary, unreasonable, unfair, or unsupported by legal principles.

*Rigdon v. Commonwealth*, 144 S.W.3d 283, 287-88 (Ky. App. 2004) (footnotes and internal quotation marks omitted) (italics original).

We are satisfied from our review of the record that substantial evidence supports the trial court's determination that Pouncy-Allen entered his plea knowingly, voluntarily, and intelligently and that Ms. Hagar's counsel was professionally competent. We cannot conclude that the trial court abused its discretion in denying the motion to withdraw.

Next, Pouncy-Allen argues that the trial court violated his right to be present during sentencing by forcing him to participate in video sentencing. Due to COVID, the sentencing hearing was conducted remotely on April 27, 2020. Mr. Pouncy-Allen did not agree. The trial court explained that the Supreme Court had given it wide latitude on holding Zoom hearings and that it was going to proceed.[7]

---

[7] We take judicial notice of our Supreme Court's Amended Order No. 2020-28 entered April 24, 2020 which ordered the following measures to be implemented through May 31, 2020, as follows in relevant part:

> 1. With the exception of emergency and time-sensitive matters, including but not limited to, domestic violence hearings, emergency custody hearings, temporary child support hearings, evidentiary hearings in criminal cases, in-custody arraignments, in-custody preliminary hearings under RCr 3.10, in-custody bond motions, in-custody probation violation hearings, and in-custody juvenile detention hearings, all civil and criminal dockets shall be canceled, unless a judge determines in his or her discretion that a matter requires prompt attention.
>
> All participants to a proceeding, including parties and attorneys, must be allowed to participate remotely. Judges must use available telephonic and video technology to conduct all hearings, unless the parties are unable to participate remotely.
>
> …
>
> 2. Effective Wednesday, April 1, 2020, all judicial facilities will be closed to in-person services. Signage shall be posted at all public entry points notifying individuals of the following restrictions:
>
>> a. Only attorneys and parties required to attend emergency, in-person hearings and individuals seeking emergency protective orders, interpersonal protective orders, and emergency custody orders will be permitted inside the building. . . .

RCr 8.28(1) provides in relevant part that "[t]he defendant shall be present at the arraignment, at every critical stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of the sentence." Rule 8.28 "has codified the common law right to be present at criminal proceedings, which has been recognized and preserved in the 6th Amendment to the United States Constitution and Section 11 of the Kentucky Constitution." *Scott v. Commonwealth*, 616 S.W.2d 39, 42 (Ky. 1981).

Pouncy-Allen was present at his sentencing hearing – albeit by means of Zoom. The cases upon which he relies are distinguishable and were decided long before we were faced with the unprecedented context of a pandemic. Indeed, some of the cases that he has cited were decided long before the advent of video-conferencing technology. Pouncy-Allen has failed to demonstrate that being present remotely prevented him from exercising any right that he could have exercised in person.

Accordingly, we affirm.

KRAMER, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Steven Nathan Goens
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky