RENDERED: JULY 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0582-MR

WAKEEM I. POUNCY-ALLEN                                   APPELLANT

v.                       APPEAL FROM KENTON CIRCUIT COURT
HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 18-CR-00992

COMMONWEALTH OF KENTUCKY                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, JONES, AND McNEILL, JUDGES.

COMBS, JUDGE: Appellant, Wakeem Ishmael Pouncy-Allen (Pouncy-Allen),

appeals from the denial of his motion to withdraw his guilty plea. After our

review, we affirm.

Pouncy-Allen was indicted in Kenton County on three felony cases in

two different divisions of the Kenton Circuit Court. In No. 18-CR-00992, the

subject of this appeal, Pouncy-Allen was charged with Possession of a Handgun by

a Convicted Felon and with being a Persistent Felony Offender (PFO) in the Second Degree. In Case No. 18-CR-00993, he was charged with Receiving Stolen Property, Firearm, and with being a PFO in the First Degree. Those charges were assigned to Kenton Circuit Court **Fourth** Division.

In Case No. 18-CR-00783, Pouncy-Allen was charged with three counts of Trafficking in a Controlled Substance in the First Degree, First Offense, Cocaine; two counts of Trafficking in a Controlled Substance, First Offense, Heroin; and with being a PFO in the First Degree. These charges were assigned to Kenton Circuit Court, **First** Division.

The three cases were resolved in a global plea agreement. In the case before us, Case No. 18-CR-00992, Pouncy-Allen pled guilty in exchange for a recommendation of 15 years. In Case No. 18-CR-00783, he pled guilty in exchange for a recommendation of 12 years. The two sentences were to run concurrently for a total of 15 years, and No. 18-CR-00993 would be dismissed.

After pleading guilty but prior to sentencing, Pouncy-Allen notified his trial counsel, Eva Hager, that he wished to withdraw his guilty plea. Conflict counsel was appointed and filed a Motion to Withdraw Guilty Plea.[1] As grounds, Pouncy-Allen argued that his pleas were not voluntary because his counsel's

---

[1] Pouncy-Allen also moved to withdraw his guilty plea in Case No. 18-CR-00783. The trial court denied that motion. Pouncy-Allen appealed to this Court, which affirmed in *Pouncy-Allen v. Commonwealth*, No. 2020-CA-0717-MR, 2021 WL 2172937 (Ky. App. May 28, 2021).

-2-

performance was deficient and that but for counsel's errors, he would not have pled guilty and would have insisted instead on going to trial. Specifically, Pouncy-Allen alleged that counsel: did not visit him frequently enough or review discovery to his satisfaction; advised him that he could withdraw his guilty pleas for any reason before sentencing; and refused to hire an expert to examine certain screen-shot images provided by the Commonwealth. Pouncy-Allen claimed that he believed he could withdraw his guilty pleas at any time before sentencing and "that entry of the guilty pleas would be the only way to delay jury trial such that an expert could examine the screen-shot images for falsification."

On January 31, 2020, the trial court conducted a hearing on the motion. Pouncy-Allen, Attorney Hager, and Katelyn Price, a Staff Attorney I at the time, testified. Attorney Hager testified that she never told Pouncy-Allen that he could withdraw his guilty plea for **any** reason. On February 21, 2020, the trial court entered a detailed Order denying the motion as follows:

> Considering the totality of the circumstances, the court finds that the defendant exercised voluntary, knowing, intelligent and free decision making when he entered his plea, and that Ms. Hager provided him with effective assistance. The defendant's alleged mistaken belief regarding the ability to withdraw his plea of guilty does not appear to have been based on any statements or promises of counsel and the court does not find his testimony to be credible on that subject so it does not nullify his exercise of decision making or the voluntary entry of his plea.

On March 24, 2020, the sentencing hearing was conducted by video conference due to Covid-19 restrictions. Pouncy-Allen objected, asserting that he had a right to be present in person. The trial court ruled that his presence by video camera was sufficient and proceeded. Pouncy-Allen was sentenced to 15 years. Final Judgment was entered on March 26, 2020.

On April 20, 2020, Pouncy-Allen filed a Notice of Appeal to this Court. The first issue he raises is that trial court should have allowed him to withdraw his plea. In *Rigdon v. Commonwealth*, 144 S.W.3d 283 (Ky. App. 2004), this Court explained as follows:

> When a criminal defendant pleads guilty, Rule 8.10 of the Kentucky Rules of Criminal Procedure (RCr) requires the trial court receiving the guilty plea to determine on the record whether the defendant is voluntarily pleading guilty. Whether a guilty plea is voluntarily given is to be determined from the totality of the circumstances surrounding it. The trial court is in the best position to determine the totality of the circumstances surrounding a guilty plea. Once a criminal defendant has pleaded guilty, he may move the trial court to withdraw the guilty plea, pursuant to RCr 8.10. If the plea was involuntary, the motion to withdraw it must be granted. However, if it was voluntary, the trial court may, within its discretion, either grant or deny the motion. Whether to deny a motion to withdraw a guilty plea based on a claim of ineffective assistance of counsel first requires a *factual* inquiry into the circumstances surrounding the plea, primarily to ascertain whether it was voluntarily entered. The trial court's determination on whether the plea was voluntarily entered is reviewed under the clearly erroneous standard. A decision which is supported by substantial evidence is not clearly erroneous. If,

-4-

however, the trial court determines that the guilty plea was entered voluntarily, then it may grant or deny the motion to withdraw the plea at its discretion. This decision is reviewed under the abuse of discretion standard. A trial court abuses its discretion when it renders a decision which is arbitrary, unreasonable, unfair, or unsupported by legal principles.

*Id.* at 287-88 (footnotes and internal quotation marks omitted) (italics original).

Pouncy-Allen asserts that his plea could not have been knowingly entered because he did not understand the law in relation to the facts of his case, citing *Boykin v. Alabama,* 395 U.S. 238, 243 n.5, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969). As the Commonwealth correctly notes, the citation refers to *McCarthy v. United States,* 394 U.S. 459, 467, 89 S. Ct. 1166, 1171, 22 L. Ed. 2d 418 (1969) (that Rule 11 of the Federal Rules of Criminal Procedure requires that the judge satisfy himself of factual basis for the plea).

Pouncy-Allen argues that he believed he could withdraw his plea at any time for any reason because he was told that he could (despite Attorney Hager's testimony to the contrary) and that no one ever affirmatively told him that he could not. On appeal, Pouncy-Allen essentially re-argues his case. However, he ignores the critical fact that the court found no credibility in his testimony regarding his ability to withdraw his plea. As a reviewing court, we must defer to the witness-credibility determinations of the trial judge. *Commonwealth v. Bussell*, 226 S.W.3d 96, 103 (Ky. 2007).

From our review of the record, we are satisfied that substantial evidence supports the trial court's determination that Pouncy-Allen "exercised voluntary, knowing, intelligent and free decision making when he entered his plea, and that Ms. Hager provided him with effective assistance." We find no abuse of discretion in the trial court's decision to deny the motion pursuant to the discretion explicitly granted to it by RCr[2] 8.10.

Pouncy-Allen also argues that the trial court violated his right to be present during sentencing by forcing him to participate in video sentencing. This court rejected the identical argument in *Pouncy-Allen v. Commonwealth*, No. 2020-CA-0717-MR, 2021 WL 2172937 at *3 (Ky. App. May 28, 2021):

> RCr 8.28(1) provides in relevant part that "[t]he defendant shall be present at the arraignment, at every critical stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of the sentence." Rule 8.28 "has codified the common law right to be present at criminal proceedings, which has been recognized and preserved in the 6th Amendment to the United States Constitution and Section 11 of the Kentucky Constitution." *Scott v. Commonwealth*, 616 S.W.2d 39, 42 (Ky. 1981).

> Pouncy-Allen was present at his sentencing hearing – albeit by means of Zoom. The cases upon which he relies are distinguishable and were decided long before we were faced with the unprecedented context of a pandemic. Indeed, some of the cases that he has cited were decided long before the advent of video-conferencing technology. Pouncy-Allen has failed to

---

[2] Kentucky Rules of Criminal Procedure.

demonstrate that being present remotely prevented him from exercising any right that he could have exercised in person.

Therefore, we AFFIRM the denial of the motion to withdraw the guilty plea by the Kenton Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Steven Nathan Goens
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky