RENDERED:  JUNE 23, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1347-MR

TEMMY WISE                                                          APPELLANT

v.

APPEAL FROM LARUE CIRCUIT COURT
HONORABLE CHARLES C. SIMMS, III, JUDGE
ACTION NOS. 20-CR-00082 AND 21-CR-00043

COMMONWEALTH OF KENTUCKY                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, JONES, AND LAMBERT, JUDGES.

EASTON, JUDGE:  Temmy Wise ("Wise") appeals the denial of his motion to

withdraw his guilty plea in these two related cases.  Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The following factual summary is made from the presentence

investigation, which Wise did not challenge at the time of his sentencing.  Wise

was in an on-again off-again sexual relationship with Carrie Harper ("Harper").

Harper has a daughter ("M.J.").  Starting when M.J. was eleven years old, Wise provided methamphetamine to M.J.  In exchange for the methamphetamine, Wise would obtain from M.J. sexual favors, including vaginal, oral, and eventually anal sex.  This continued for three years.  M.J. estimates this happened at least one hundred times. When M.J. was at the last of her three treatment placements during this time, Wise brought her methamphetamine.  The discovery of this methamphetamine caused M.J. to be terminated from the treatment.

The first indictment (Case No. 20-CR-00082) followed discovery of methamphetamine in Wise's home.  The second indictment (Case No. 21-CR-00043) resulted from M.J.'s disclosure of the sexual activities.  Both the drug and sex charges were evidenced by text messages and video evidence.  With multiple charges of unlawful transaction with a minor as well as rape and sodomy, Wise faced a potential sentence of the seventy-year maximum.

On May 13, 2022, Wise entered a guilty plea for a total sentence of twelve years, concurrent on both cases, or just two years more than the minimum Wise could have received as charged.  Before the later scheduled sentencing hearing, Wise asked the court to permit him to withdraw his guilty plea.  The trial court appointed new counsel for the *pro se* motion and conducted a hearing on September 23, 2022.  The trial court denied the withdrawal of the guilty plea.

On appeal, Wise maintains he did not understand the charges against him. Specifically, Wise contends he did not know what sodomy was. Wise contends he did not sufficiently know what he was doing and thus his plea was not voluntary. We will analyze both the guilty plea and the evidence at the hearing on the withdrawal motion as well as the rest of the record to review this primary question of voluntariness.

## STANDARD OF REVIEW

We review a trial court's factual determination of whether a guilty plea was voluntary under a clearly erroneous standard. A finding supported by substantial evidence is not clearly erroneous. The trial court must consider the totality of the circumstances presented about a guilty plea when determining this fact. *Rigdon v. Commonwealth*, 144 S.W.3d 283, 287-288 (Ky. App. 2004). If a guilty plea was involuntary, a motion to withdraw it must be granted. Otherwise, the trial court has discretion to grant or deny the motion. We review such a decision under an abuse of discretion standard. "A trial court abuses its discretion when it renders a decision which is arbitrary, unreasonable, unfair, or unsupported by legal principles." *Id*. at 288.

## ANALYSIS

While Wise is not a good speller, he was able to communicate with the trial court effectively. The numerous letters Wise sent to the trial court were

sometimes drafted with the assistance of other inmates. Letters handwritten by Wise convey their meaning but have challenging spellings of some words. For example, when Wise complained he wanted to get out of his plea deal, he spelled deal as "deill."

There is no question Wise has some limitations. The trial court ordered an evaluation for competency. Wise had no more than a seventh-grade education. Testing of intelligence revealed unusual results. The composite I.Q. score was 85, but Wise had a verbal score of 70 and a non-verbal score of 113. The evaluator did not diagnose an intellectual disability. On the topic of sodomy, the evaluator noted Wise required an explanation of the term. As we will see, this was not the first nor the last time what constitutes sodomy was explained to Wise.

During this case, Wise would be represented by four different public defenders. Wise appeared on the trial court's docket a dozen times. At none of his court appearances did Wise appear hesitant or confused in his interactions with the trial court and counsel. Of note is the appearance on August 2, 2021, when Wise explained to the judge about his direction to his attorney to get certain records and that he had asked the attorney to file a discovery motion.

Wise did raise a question about sodomy at his third court appearance on June 7, 2021. In response, his first public defender informed the judge that she had explained this to Wise. She added that Wise understands it, he just doesn't

agree he should be charged with it. During his testimony at the plea withdrawal hearing, Wise concedes his first attorney explained things to him, but he persisted with his claim he did not understand.

Wise's third public defender represented him during the guilty plea and later testified at the plea withdrawal hearing. This attorney was aware of Wise's limitations and acted accordingly. She read everything to Wise and would use smaller words to help him understand. For example, when the word "impaired" was used, the attorney explained about not being able to understand because of being drunk or on drugs.

Of particular importance, the attorney read the victim's statements to Wise and explained each charge against him based on what the victim had said. Like what the first attorney had said at an earlier appearance, this third attorney also said Wise understood what sodomy was, he just didn't like being charged with it.

Wise complains the prosecutor forced him to accept the plea, despite his sworn statement that no one was forcing him to accept the plea agreement. Testimony at the plea withdrawal hearing indicates it was Wise who engaged the prosecutor during the negotiations in the hope of helping his co-defendant, Harper. Wise's attorney heard Wise ask the prosecutor about dropping the sex charges. Harper was charged with complicity in the sexual abuse of her daughter. With

Wise's plea, Harper was allowed to enter a plea with probated time on lesser charges.

With all this background, we examine the recording of the plea itself. The judge told Wise he could stop and ask questions anytime. When asked if he understood what his attorney had read and explained to him, Wise said he did. The judge read each charge and asked Wise if he understood it. When asked about the sodomy charge, Wise said he understood it.

Significantly, Wise asked questions during the colloquy. In answer to Wise's question, the judge explained the potential for persistent felony offender enhancement. At one point, the judge noticed hesitation by Wise when the judge notified Wise of the sex offender requirements resulting from his plea. The judge explained the requirements more fully, and Wise sought no further explanation.

The trial court found Wise had entered his guilty plea voluntarily. Substantial evidence supports this finding. It is not clearly erroneous. The trial court then was not required to allow the withdrawal of the guilty plea. The trial court exercised its discretion not to permit the withdrawal of the guilty plea. While the trial court may have been tempted to reject the terms of the plea because of its remarkable lenience, there was certainly no abuse of discretion in not permitting the withdrawal of the guilty plea.

## CONCLUSION

The trial court did not make any erroneous finding of fact and properly exercised its discretion to deny the withdrawal of Wise's voluntary guilty plea. The Larue Circuit Court is AFFIRMED.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Adam Meyer<br>Frankfort, Kentucky | Daniel Cameron<br>Attorney General |
| | Courtney J. Hightower<br>Assistant Attorney General<br>Frankfort, Kentucky |