RENDERED:  DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1488-MR

DILLIAN FORD                                                                    APPELLANT

APPEAL FROM CARLISLE CIRCUIT COURT
v.       HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 21-CR-00057

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND TAYLOR, JUDGES.

THOMPSON, CHIEF JUDGE:  Dillian Ford ("Appellant") appeals from a judgment and sentence of the Carlisle Circuit Court resulting from a guilty plea to amended charges of sodomy in the first degree and sexual abuse in the first degree.[1]  Appellant argues that the circuit court committed reversible error in

---

[1] Kentucky Revised Statutes ("KRS") 510.070 and 510.110.

denying his request to withdraw his guilty plea and in ordering him to pay jail fees. After careful review, we find no error and affirm the judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

In 2021, Appellant was charged with various sex crimes involving a victim under the age of twelve years old, and to whom Appellant was related. The Commonwealth subsequently made a plea offer on amended charges, which Appellant accepted and signed. Prior to filing the guilty plea with the circuit court, Appellant changed his mind and wanted to take the matter to trial. Shortly before trial was to commence on July 13, 2022, Appellant signed another guilty plea which he submitted to the court. Pursuant to this plea offer, the Commonwealth recommended a total sentence of fifteen years in prison on the amended charges of sodomy in the first degree and sexual abuse in the first degree.

Sentencing was scheduled for September 15, 2022. In August 2022, Appellant sent a letter to the circuit court requesting to withdraw his guilty plea. Counsel was appointed, who filed a motion to withdraw the plea, and a hearing on the motion was conducted on October 20, 2022. At the conclusion of the hearing, the circuit court denied Appellant's motion to withdraw the guilty plea. On November 17, 2022, Appellant was sentenced to fifteen years in prison per the Commonwealth's recommendation. Appellant was ordered to pay jail fees. This appeal followed.

## STANDARDS OF REVIEW

### Withdrawal of Guilty Plea

Under the terms of Kentucky Rules of Criminal Procedure (RCr) 8.10, a criminal defendant who has pleaded guilty may withdraw the plea under certain conditions. "If the plea was involuntary, the motion to withdraw it must be granted. However, if it was voluntary, the trial court may, within its discretion, either grant or deny the motion." *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004) (internal citations omitted). The trial court's determination on whether the plea was voluntarily entered is reviewed under the clearly erroneous standard. *Id.* A decision that is supported by substantial evidence is not clearly erroneous. *Id.* If, however, the trial court determines that the guilty plea was entered voluntarily, then it may grant or deny the motion to withdraw the plea at its discretion. This decision is reviewed under the abuse of discretion standard. *Id.* A trial court abuses its discretion when it renders a decision that is arbitrary, unreasonable, unfair, or unsupported by legal principles. *Id.*

The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Sparks v. Commonwealth*, 721 S.W.2d 726, 727 (Ky. App. 1986) (citing *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970)). There must be an affirmative showing in the record that the plea was intelligently and voluntarily made. *Id.* (citing *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711, 23 L. Ed. 2d 274 (1969)).

*Sturgill v. Commonwealth*, 533 S.W.3d 204, 208 (Ky. App. 2017).

<u>Imposition of Jail Fees</u>

> [I]n order to impose jail fees against a criminal defendant during sentencing, there must be some evidence presented that a jail fee reimbursement policy has been adopted by the county jailer with approval of the county's governing body in accordance with KRS 441.265(2)(a).

*Capstraw v. Commonwealth*, 641 S.W.3d 148, 161-62 (Ky. 2022) (footnote omitted).

## **ARGUMENTS AND ANALYSIS**

Appellant, through counsel, first argues that the Carlisle Circuit Court erred in failing to grant his motion to withdraw his guilty plea. He asserts that he felt coerced by his defense counsel and investigator to accept the plea agreement because they told him that if he did not plead guilty, he would serve the rest of his life in prison. Appellant also argues that the circuit court did not carry out its duty to inform him of the rights he was giving up if he entered a guilty plea. He directs our attention to RCr 8.10, which provides that at any time before judgment the court may allow a defendant to withdraw a guilty plea. Appellant argues that the circuit court should have allowed him to withdraw his plea because a proper *Boykin* colloquy was not made due to Appellant not being informed of all of the consequences of the plea. Appellant contends that while the court informed him that he was giving up the right to a trial, at which point the Commonwealth would have to prove guilt, he was not informed that he was giving up the right not to

testify against himself; the right to confront witnesses; the right to produce evidence and witnesses; and the right to appeal. Per *Boykin*, Appellant contends that waiver of rights cannot be presumed from a silent record. He seeks an opinion reversing the circuit court's denial of his motion to withdraw his guilty plea and remanding the matter for trial.

On July 7, 2022, the circuit court conducted a hearing on Appellant's motion to enter a guilty plea. At the hearing, the court engaged in the *Boykin* plea colloquy with Appellant. The court asked Appellant if he wanted to change his plea to guilty, if he graduated from high school, and, if he could read and write. Appellant responded in the affirmative to these questions. The court referenced Appellant's motion to enter a guilty plea and asked Appellant if he discussed the agreement and motion with his counsel. The court then asked if he read and understood the agreement, and if the signature on the motion was made by his hand. Again, Appellant responded affirmatively.

The court went on to state that the documents in question expressly set forth Appellant's rights and that no one could take those rights away from Appellant; however, that those rights could be voluntarily waived by Appellant if he so chose in order to plead guilty. The court stated that those rights included, but were not limited to, the requirement that the Commonwealth prove guilt if the matter went to trial. Appellant responded "yes, sir" to each inquiry by the court.

The colloquy continued with the court asking Appellant the following: if he were free of all intoxicants; if he understood what he was doing; if he had all of the time he needed to discuss the matter with counsel; and if he was satisfied with counsel's representation. Appellant responded affirmatively to each question. Appellant agreed that no one had threatened him or made promises to him to induce the plea. The court offered more time if Appellant needed further discussions with his counsel, which Appellant declined. The court then addressed the terms of the plea and again asked Appellant if he felt rushed or needed more time. Appellant answered, "no, sir."

Based on the totality of the record, we conclude that the plea represented "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Sparks*, 721 S.W.2d at 727. Further, there is an "affirmative showing in the record that the plea was intelligently and voluntarily made." *Id.* (citation omitted). Since the plea was intelligently and voluntarily made, the question then becomes whether the circuit court abused its discretion in denying the motion. *Rigdon*, *supra.* Abuse of discretion is found only where the decision is arbitrary, unreasonable, unfair, or unsupported by legal principles. *Id.*

The circuit court's decision to deny Appellant's motion to withdraw his guilty plea did not constitute an abuse of discretion. Appellant had previously executed another guilty plea, but withdrew it before it was filed with the court.

-6-

More important, the record refutes Appellant's contention that he was coerced into the plea and was not informed of the rights he was waiving by entering the guilty plea. Appellant was expressly informed of his rights, and the effect his guilty plea would have in waiving those rights. Appellant stated in open court that he understood the guilty plea and the waiver of his rights. He stated that he had thoroughly discussed the matter with counsel, and he declined the opportunity to discuss it with her further before entering the plea. The circuit court had discretion in adjudicating Appellant's motion to withdraw the plea. *Id.* We find no basis for concluding that the circuit court abused this discretion, as the record amply demonstrates that Appellant's plea was knowingly and voluntarily entered into. Thus, we find no error on this issue.

Appellant acknowledges that his argument relating to jail fees is not preserved for appellant review. He argues, though, that because the imposition of jail fees is part of the sentencing process, it may be raised for the first time on appeal per *Capstraw*, *supra*. In the alternative, Appellant requests palpable error review.

The focus of Appellant's argument on this issue is that per *Capstraw*, *supra*, jail fees cannot be imposed unless some showing is made that the jail had adopted a jail reimbursement policy. He argues that no such showing was made at his sentencing; therefore, the imposition of jail fees was improper.

In response, the Commonwealth directs our attention to the October 20, 2022 hearing, wherein Appellant's counsel discussed the Carlisle County jail fee and its reimbursement policy with another county jail. We believe this satisfies the "some evidence" requirement of *Capstraw*. Thus, assuming *arguendo* that this matter is properly raised for the first time on appeal, we conclude that the circuit court did not err in ordering Appellant to pay jail fees.

## CONCLUSION

For the foregoing reasons, we affirm the judgment and sentence of the Carlisle Circuit Court.

ECKERLE, JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS IN PART, DISSENTS IN PART, AND FILES SEPARATE OPINION.

TAYLOR, JUDGE, CONCURRING IN PART AND DISSENTING IN PART: I concur with the majority's thorough analysis regarding the plea agreement in affirming the Appellant's conviction. However, I must respectfully dissent regarding the order for payment of jail fees by Appellant, as no evidence exists in the record that a fee reimbursement policy had been adopted by the Carlisle County jailer and approved by the fiscal court in accordance with KRS 441.265(2). At minimum, at least "some evidence" must have been presented on this issue during sentencing which did not occur in this case. *Alderson v. Commonwealth*, 670 S.W.3d 884, 903 (Ky. 2023). Accordingly, I would vacate and remand this

part of Appellant's conviction to the circuit court for an evidentiary hearing to determine whether a reimbursement policy exists. At the hearing, Appellant would also be given the opportunity to present evidence showing "good cause" why he should not be required to pay the fees pursuant to KRS 441.265(1).

BRIEF FOR APPELLANT:

Karen Shuff Maurer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Bryan D. Morrow
Assistant Attorney General
Frankfort, Kentucky