RENDERED:  AUGUST 22, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0177-MR

MITCHELL RICE                                           APPELLANT

|   |   |   |
|---|---|---|
| v. | APPEAL FROM HART CIRCUIT COURT<br>HONORABLE JOSEPH G. BALLARD, JUDGE<br>ACTION NO. 21-CR-00160 |   |

COMMONWEALTH OF KENTUCKY                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, ECKERLE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Mitchell Rice brings this appeal from a January 16, 2024, Final Judgment of Conviction of the Hart Circuit Court sentencing Rice to a total of eighteen-years' imprisonment.  We affirm.

Rice was indicted by Hart County Grand Jury upon two counts of first-degree assault for the stabbing of two separate victims.  The Commonwealth of Kentucky offered Rice a plea bargain.  Thereunder, Rice would plead guilty to two counts of second-degree assault and would be sentenced to ten-years'

imprisonment on one count and eight-years' imprisonment on the other count, to be served consecutively for a total of eighteen-years' imprisonment. Eventually, Rice signed the plea offer and filed a motion to enter a guilty plea. The circuit court held a hearing and accepted Rice's guilty plea.

Before final sentencing, Rice, *pro se*, filed a motion to withdraw his guilty plea. Rice alleged that he could neither read nor write and misunderstood the terms of the guilty plea. In particular, Rice maintained that he believed that the sentences of imprisonment upon the two counts of second-degree assault would run concurrently for a total of ten-years' imprisonment and not consecutively for a total of eighteen-years' of imprisonment.

Rice was appointed conflict counsel, and the circuit court held a hearing. Rice and his attorney testified. Ultimately, by order entered December 21, 2023, the circuit court denied Rice's motion to withdraw guilty plea. The circuit court found that Rice knowingly, intelligently, and voluntarily entered the guilty plea. The circuit court sentenced Rice to a total of eighteen-years' imprisonment in a January 16, 2024, Final Judgment of Conviction. This appeal follows.

Rice contends that the circuit court erred by finding that he entered the guilty plea knowingly, intelligently, and voluntarily. Rice argues that he is unable to read or to write. Rice alleges that he misunderstood that he would be sentenced

to a total of eighteen-years' imprisonment. Rice maintains that he believed the sentence of imprisonment would be ten years and that he was confused concerning the meaning of consecutive or concurrent sentences.

It is well-established that "[t]o be valid, a guilty plea must be entered 'intelligently and voluntarily.'" *Hammond v. Commonwealth*, 569 S.W.3d 404, 408 (Ky. 2019) (quoting *Bronk v. Commonwealth*, 58 S.W.3d 482, 486 (Ky. 2001)). The guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Sturgill v. Commonwealth*, 533 S.W.3d 204, 208 (Ky. App. 2017).

If a guilty plea is not entered voluntarily, intelligently, or knowingly, a defendant may file a motion to withdraw the guilty plea. Under Kentucky Rules of Criminal Procedure (RCr) 8.10, the circuit court may permit the defendant to withdraw his guilty plea before entry of final judgment. If the guilty plea was entered knowingly, intelligently, and voluntarily, the circuit court's decision to grant the motion to withdraw is within its discretion. *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004). On the other hand, if the guilty plea was not entered knowingly, intelligently, or voluntarily, the circuit court must grant the motion to withdraw. *Ebu v. Commonwealth*, 661 S.W.3d 319, 326 (Ky. App. 2022); *Rigdon*, 144 S.W.3d at 288. To determine whether the guilty plea is knowingly, intelligently, and voluntarily entered, the circuit court evaluates the

totality of the circumstances surrounding the guilty plea. This determination is "fact-sensitive" and will not be disturbed on appeal if supported by substantial evidence of a probative value. *Ebu*, 661 S.W.3d at 326; *Rigdon*, 144 S.W.3d at 288.

In this case, the record reveals that the circuit court conducted a plea colloquy with Rice per *Boykin v. Alabama*, 395 U.S. 238 (1969). During the plea colloquy, the circuit court informed Rice that under the plea agreement the Commonwealth recommended a total of eighteen-years' imprisonment. The circuit court particularly asked Rice: "Is that your understanding of the plea agreement?" Rice responded: "Yes sir." And the court inquired: "Do you have any question on that?" Rice responded: "No sir." The circuit court was aware that Rice could not read or write, so the court asked: "Did you[r] attorneys read everything [to] you?" Rice answered: "Yes." During the hearing on the motion to withdraw guilty plea, Rice reiterated that he could neither read nor write and that he thought his total sentence of imprisonment would be ten years. In accepting the plea offer, one of Rice's attorneys testified that a main consideration was Rice's parole eligibility. According to the attorney, Rice would not have been eligible for parole until he served 85 percent of his sentence of imprisonment if convicted by a jury; however, with the plea agreement, Rice's parole eligibility was reduced to 20 percent of his total sentence of imprisonment.

The circuit court found that Rice knowingly, intelligently, and voluntarily entered the guilty plea based upon the totality of the circumstances, and the record contains substantial evidence of a probative value to support same. *See Ebu*, 661 S.W.3d at 326; *Rigdon*, 144 S.W.3d at 288. Moreover, we cannot conclude that the circuit court abused its discretion by denying Rice's motion to withdraw guilty plea. *See Rigdon*, 144 S.W.3d at 288. Accordingly, we are of the opinion that the circuit court did not commit error by denying Rice's motion to withdraw guilty plea.

For the forgoing reasons, the Final Judgment of Conviction of the Hart Circuit Court entered on January 16, 2024, is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Kayla D. Deatherage
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Office of the Attorney General
Frankfort, Kentucky