Dena WILLIAMS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2005–SC–000985–MR.

Supreme Court of Kentucky.

April 19, 2007.

Rehearing Denied Aug. 23, 2007.

Trevor W. Wells, Miller & Wells, PLLC, Lexington, Counsel for Appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Bryan D. Morrow, Assistant Attorney General, Frankfort, Counsel for Appellee.

McANULTY, Justice.

On August 25, 2005, Dena Williams entered a plea of guilty to Complicity to Commit Murder and Complicity to Tampering with Physical Evidence, in reliance on recommendations from the Commonwealth of concurrent sentences of twenty years and five years respectively. The trial court conducted a proper colloquy in accepting the plea. Williams stated that she understood the charges against her and her constitutional rights, and stated that she chose to waive those rights and enter a guilty plea of her own free will. Eight days later, Williams filed a pro se motion to withdraw her guilty plea on the grounds that she had pled "involuntarily and unknowingly." Williams was appointed new counsel who filed a second motion, pursuant to RCr 8.10, which argued that withdrawal was required because Williams' plea was involuntary. The trial court conducted a hearing on the motion to withdraw the guilty plea. The court entered an order denying the motion, from which Williams now appeals.

Williams' appointed counsel asserted in the motion that Williams did not understand the elements of the charges, or her constitutional rights. The motion reported that Williams thought that she would be released in eight years and might be paroled even earlier than that. Counsel asserted that these circumstances demonstrated that Williams' plea was not intelligently entered. He argued that she always maintained her innocence of the charges, and when she was required to state that she was guilty of the charges she appeared confused and answered unconvincingly. Counsel argued her statement in open court that she was guilty was "more a product of situational coercion than volition." He concluded by saying that it was Williams' tendency to be passive and malleable that caused her to go along with what she was advised to do once in the courtroom.

Williams claims on appeal that it was an abuse of the court's discretion to refuse to grant the motion to withdraw. She repeats her claim that her plea was involuntary due to her passivity. Williams points to the evidence at the hearing from the witnesses, including her attorney, that she had a passive personality. She also cites her persistent denial of guilt as significant. Williams asserts that the trial court applied a "presumption" against withdrawal of the guilty plea, thus demonstrating that the court was not employing discretion in its decision.

To be valid, a plea must be knowing, intelligent and voluntary, *Haight v. Commonwealth,* 760 S.W.2d 84, 88 (Ky. 1988), and a trial court shall not accept a plea without first determining that it is

made voluntarily with understanding of the nature of the charge. RCr 8.08. RCr 8.10 provides that a guilty plea may be withdrawn with permission of the court before judgment. A motion to withdraw a plea of guilty under RCr 8.10 is generally addressed to the sound discretion of the court; however, where it is alleged that the plea was entered involuntarily the defendant is entitled to a hearing on the motion. *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky.2006). If the plea was involuntary, the motion to withdraw it must be granted; if it was voluntary, the trial court may, within its discretion, either grant or deny the motion. *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App.2004). A trial court abuses its discretion when it renders a decision which is arbitrary, unreasonable, unfair or unsupported by legal principles. *Edmonds*, 189 S.W.3d at 570. The inquiry into the circumstances of the plea as it concerns voluntariness is inherently fact-sensitive. *Id.* at 566. Accordingly, the trial court's determination as to whether the plea was voluntarily entered is reviewed under the clearly erroneous standard. *Id.*

I. Voluntariness of the Guilty Plea

 Williams first claims it was clear error for the trial court to refuse to grant the motion to withdraw because she demonstrated that her plea was neither voluntarily nor intelligently entered. However, we find no error in the trial court's determination that the plea was entered voluntarily. Despite appellant's claims of passivity and malleability, she did not show that she was so passive that her capacity to act on her own was overcome. Her attorney testified he does not allow his clients to accept a plea on the day it is offered, but takes the time to go over the deal and the consequences with them. He testified that he met with Williams about six times in the week before she pled

guilty. Williams was told that she could get in touch with her attorney at any time to talk about her case and the plea offer. He stated that Williams was informed of the circumstances and what might happen if she went to trial. Williams was told that the decision was up to her, not to her attorney, and that she was not to be concerned about her attorney's feelings in making her decision. Her former attorney testified that he felt like her plea was voluntary in the legal sense since—although he knew she did not like the sentence that was being offered—she wanted to take the deal, given her choices. The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Sparks v. Commonwealth*, 721 S.W.2d 726, 727 (Ky.App.1986), *citing North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970).

Although Williams claims that she was passive, there was no showing that any particular circumstances or choices were imposed on her that she was unable to resist. Her attorney and the court made clear that pleading guilty was to be her decision, and she had the opportunity during the plea colloquy to express reservations or unwillingness to plead. Yet she did not do that, and she stated under oath that she wanted to plead guilty and that she was guilty of the charges. Williams' father testified that he was set against Williams taking the plea deal, but Williams decided to plead, apparently at odds with her father's wishes or advice. There was substantial evidence to support the trial court's determination that Williams' guilty plea was voluntary.

The trial court found further that her plea was knowingly made based on the fact that she was represented by good and experienced counsel, and because she af-

firmed in court that her attorney went into detail with her regarding the facts of the case, the nature of the charges, the possible evidence at trial, and the likely outcomes of a trial. The court found that Williams was correctly advised of her sentence. Her erroneous belief that she would serve less time came from other inmates, not from assurances by the Commonwealth or counsel, and thus represented a voluntary choice by her to disregard what she was told by her attorney and in court, and not to clarify any confusion with her experienced counsel.

Thirdly, while a claim of innocence is not cited in Kentucky as a factor for consideration when faced with a motion to withdraw a guilty plea, it is true that a number of courts take this into consideration. E.g. *United States v. Triplett,* 828 F.2d 1195, 1197 (6th Cir.1987); *Woodward v. United States,* 426 F.2d 959 (3rd Cir.1970); *Binion v. United States,* 658 A.2d 187 (D.C. 1995); *People v. Sanders,* 112 Mich.App. 585, 316 N.W.2d 266 (1982). The trial court found Williams' denial of guilt outside the courtroom to be less probative than her statements in the courtroom under oath. Williams under oath admitted the facts contained in the plea agreement in court and wrote a statement of the facts of the case that support her guilt. Furthermore, she apparently wanted to take the plea deal, as the best choice available to her. We do not regard Williams' claims of innocence after the plea hearing to be particularly probative of her willingness to plead guilty.

Williams' claim that her plea was not voluntary was properly refuted by the trial court's findings of fact. We find substantial evidence supports the determination by the trial court that withdrawal was not required because Williams' plea was shown to be voluntarily entered.

## II. Discretion of the Trial Court

■ Williams next argues that, regardless of whether the plea was voluntary, the trial court abused its discretion regarding the motion to withdraw because it applied a presumption that withdrawal should not be granted. Williams argues it was clear error for the trial court to apply the incorrect standard to its consideration of the motion to withdraw the guilty plea. At the hearing on the RCr 8.10 motion, the prosecutor argued for a "presumption" that the guilty plea was entered knowingly and voluntarily after the plea colloquy was completed. Williams argues that in turn the trial court applied just such a presumption against allowing her to withdraw her guilty plea once it was entered.

We agree with the appellant that the words of RCr 8.10 do not provide a presumption against withdrawal. But having reviewed the trial court's decision, we do not agree that the court employed any presumption or otherwise applied the incorrect standard to the ruling on the motion. The trial court cited and applied the standard found in RCr 8.10. We do not agree that it appears the trial court approached the issue with prejudgment in Williams' case. Moreover, nothing in RCr 8.10 prevents the trial court from also considering the effect withdrawal of a guilty plea will have on the court, the prosecution, and victims, if permitted.

■ Williams protests that some courts of the Commonwealth routinely grant motions to withdraw guilty pleas, and others apply a presumption against granting RCr 8.10 motions, and that because of a lack of guidance RCr 8.10 practice in the Commonwealth is "inherently arbitrary." She bases this on her counsel's assertion at the hearing that in his experience courts generally permit defendants to withdraw their guilty pleas "as long as the motion is made before the

sentencing." However, a practice of *always* granting of motions to withdraw would not reflect an exercise of discretion in ruling on RCr 8.10 motions. A trial court which automatically granted the motion without consideration of all the circumstances would not be acting within its discretion. The facts and circumstances surrounding a motion to withdraw a guilty plea should be given individualized consideration. The trial court is in the best position to discern the totality of the circumstances surrounding a guilty plea. *Rigdon,* 144 S.W.3d at 287–88. Moreover, defendants have a protection against arbitrary action in that they have a remedy by appeal if they believe that discretion has been abused in the denial of an RCr 8.10 motion. This is a sufficient safeguard, given that there is no right to withdraw a voluntary guilty plea.

Finally, we do not agree with Williams that there is a need for this court to provide criteria for lower courts to use in making these determinations. She does not point to any fact or circumstance which was overlooked by the trial court in making its decision. In fact, the trial court's decision denying the motion was quite thorough. This Court does not choose to set forth any rules that might have the result of limiting the trial court's consideration of all the circumstances of a particular case.

We affirm the Scott Circuit Court's denial of the motion to withdraw guilty plea pursuant to RCr 8.10.

All sitting.

LAMBERT, C.J.; MINTON, NOBLE, SCHRODER, and SCOTT, JJ., concur.

CUNNINGHAM, J., concurs by separate opinion.

CUNNINGHAM, Concurring Justice.

I concur in the result but vigorously disagree with this Court's apparently strong stance against any presumption in favor of the validity of guilty pleas. If RCr 8.10 does not provide in its language a presumption against withdrawal, it is nevertheless inherent within the very nature of the procedure.

Counsel for the Appellant concedes that the federal rule provides a presumption against withdrawal but goes on to state that there is no presumption that exists in Kentucky law. However, no authority is provided for this proposition. The federal rule makes good common sense.

First of all, whenever a defendant moves under RCr 8.10 to withdraw his or her guilty plea, the burden does not rest upon the Commonwealth to prove the validity of the plea. The burden is upon the defendant to at least provide the trial court with some reason why the request should be granted. Therefore, with the burden of proof lying with the defendant, there is inherent within this procedure a presumption of its validity.

In the instant case, the trial judge provided solid reasoning for denying the defendant's request to withdraw her guilty plea. Appellant's argument seems to diminish the heavy importance and consequences of the guilty plea itself. By not affording a duly entered guilty plea the presumption of validity, this Court does the same.

There has evolved over time an extensive colloquy for trial judges to ensure that all guilty pleas are made knowingly and voluntarily by a competent defendant.

The trial court is required to make findings that the defendant is competent, that he or she understands their numerous constitutional rights, and that they voluntarily waive those rights and the plea is made

voluntarily of their own free will and accord. In this writer's opinion, the acceptance of a guilty plea of conviction carries with it the same solid conclusion as does a jury verdict of guilty. And while every trial judge has full discretion in regard to the withdrawal of such a plea, it is a decision which should not be taken lightly.

Lastly, contrary to the inference given by counsel for Appellant, the setting aside of a guilty plea often carries with it heavy consequences. Juries are dismissed, witnesses are released, families assume closure, and a myriad of other developments are triggered by a plea of guilty. Thusly, I agree with the outcome of this case but would give valid and properly conducted and accepted guilty pleas a presumption of validity.