RENDERED: SEPTEMBER 15, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0440-MR

CHRISTOPHER MARK JOHNSON                        APPELLANT

                 APPEAL FROM MCCRACKEN CIRCUIT COURT
v.            HONORABLE TIMOTHY KALTENBACH, JUDGE
                 ACTION NO. 20-CR-00631

COMMONWEALTH OF KENTUCKY                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, MCNEILL, AND TAYLOR, JUDGES.

MCNEILL, JUDGE: In 2020, Appellant, Christopher Johnson (Johnson), was indicted by a McCracken County grand jury for second-degree assault. With the advice of counsel, Johnson pleaded guilty to an amended charge of first-degree wanton endangerment. *See Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). Thereafter, he retained new counsel and filed a motion to withdraw his guilty plea. An evidentiary hearing was conducted during which

multiple witnesses testified, including Johnson. Having carefully considered the

evidence, the trial court denied Johnson's motion, and sentenced him to two-years'

imprisonment in accordance with his plea agreement. The court issued the

following written findings:

> a. [D]efendant discussed his case with at least two attorneys and an investigator at the Department of Public Advocacy prior to entering his plea. He and his counsel discussed his case both during a lengthy telephonic conference and in person.
>
> b. The defendant reviewed the evidence in his case provided in discovery with his attorney.
>
> c. His attorneys investigated whether entry of the plea would violate the terms of his probation and he was advised that entry of a guilty plea could result in violation of his probation.
>
> d. His attorneys were informed about the possibility of a video recording on the events leading to his charge and the defendant made an informed decision to accept a favorable plea without obtaining the video.
>
> 3. The Court finds there was no coercion. No evidence of coercion was presented.

For the following reasons, we affirm.

> When determining whether a guilty plea was entered knowingly, voluntarily, and intelligently, trial courts must consider the totality of the circumstances. This inquiry is inherently fact-sensitive and we review for clear error.

*Commonwealth v. Patton*, 539 S.W.3d 651, 653 (Ky. 2018) (internal quotation

marks and citations omitted).

> If, however, the trial court determines that the guilty plea
> was entered voluntarily, then it may grant or deny the
> motion to withdraw the plea at its discretion. This
> decision is reviewed under the abuse of discretion
> standard. A trial court abuses its discretion when it
> renders a decision which is arbitrary, unreasonable,
> unfair, or unsupported by legal principles.

*Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004) (footnotes

omitted). In support of his argument on appeal, Johnson recites the allegations

raised in his motion to withdraw, and cites extensively to testimony presented

during the hearing. Johnson specifically alleges deficient performance of counsel

and that he "felt coerced into entering the plea."

> To successfully establish the invalidity of a guilty plea
> based upon the allegedly deficient performance of
> defense counsel, the movant must satisfy both prongs of
> the two-part test set forth in *Strickland v. Washington*,
> 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)
> and restated by this Court in *Bronk v. Commonwealth*, 58
> S.W.3d 482, 486-487 (Ky. 2001). The movant must
> demonstrate that: (1) defense counsel's performance fell
> outside the wide range of professionally competent
> assistance; and that (2) a reasonable probability exists
> that, but for the deficient performance of counsel, the
> movant would not have pled guilty, but would have
> insisted on going to trial. In making that determination,
> the trial court must indulge the strong presumption that
> counsel's conduct fell within the wide range of
> reasonable professional assistance.

*Commonwealth v. Rank*, 494 S.W.3d 476, 481 (Ky. 2016) (citing *Strickland*, 466 U.S. at 698, 104 S. Ct. at 2070.

Having reviewed the arguments and record presented, Johnson's assertions either lack specificity, or are otherwise unpersuasive. In consideration of the totality of the circumstances, we cannot conclude that the trial court committed clear error, or that it ultimately abused its discretion in denying Johnson's motion to withdraw his guilty plea. Therefore, we AFFIRM.

ALL CONCUR.

BRIEF FOR APPELLANT:

Sarah D. Dailey
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky