RENDERED:  MARCH 8, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0078-MR

DENNIS MASON                                                       APPELLANT

v.                      APPEAL FROM KENTON CIRCUIT COURT
                        HONORABLE MARY K. MOLLOY, JUDGE
                             ACTION NO. 21-CR-01286

COMMONWEALTH OF KENTUCKY                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, JONES, AND McNEILL, JUDGES.

JONES, JUDGE:  Dennis Mason appeals from the Kenton Circuit Court's

amended final judgment entered on January 19, 2023, following the trial court's

denial of his motion to withdraw his guilty plea.  After our review of the facts and

the law, we affirm.

# I. BACKGROUND

On October 7, 2021, the Kenton County grand jury indicted Mason on one count of first-degree rape[1] and three counts of first-degree sexual abuse[2] against V.R., a minor under twelve years of age. The indictment further alleged that all counts in the indictment occurred between April 1 and April 30, 2021. Following the indictment, during subsequent interviews with the victim, the Commonwealth discovered that the alleged abuse began approximately two years earlier than previously believed. As a result, during a pretrial hearing on June 28, 2022, the Commonwealth signaled its intent to amend the indictment to reflect the extended period of victimization.

Sometime shortly thereafter, Mason negotiated a guilty plea pursuant to *North Carolina v. Alford*,[3] whereby the Commonwealth would amend the

---

[1] Kentucky Revised Statutes (KRS) 510.040(2), a Class A felony.

[2] KRS 510.110, a Class C felony.

[3] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). As we noted previously in *Skaggs v. Commonwealth*, 488 S.W.3d 10, 13 n.2 (Ky. App. 2016):

> An *Alford* plea "permits a conviction without requiring an admission of guilt and while permitting a protestation of innocence." *Wilfong v. Commonwealth*, 175 S.W.3d 84, 103 (Ky. App. 2004). "The entry of a guilty plea under the *Alford* doctrine carries the same consequences as a standard plea of guilty. By entering such a plea, a defendant may be able to avoid formally admitting guilt at the time of sentencing, but he nonetheless consents to being treated as if he were guilty with no assurances to the contrary." *Wilfong*, 175 S.W.3d at 102 (internal quotation marks omitted).

charges in the indictment to reflect only two counts of first-degree sexual abuse, dismissing the remaining charges, and with the Commonwealth recommending a concurrent sentence of ten-years' incarceration. On July 28, 2022, the trial court gave Mason an exceedingly thorough colloquy on the negotiated plea. When asked about his level of education, Mason stated he had attended college and affirmed he could read and write. The court then reviewed Mason's constitutional rights with him and asked Mason whether his plea was voluntary, and Mason affirmed that it was. Mason also affirmed that he was not under the influence of alcohol or drugs. Mason denied that anyone had promised him any benefit or threatened him in any way regarding entry of his guilty plea.

Most notably for the purposes of this appeal, the trial court asked whether Mason had been given enough time to consider the guilty plea. Mason responded that he had been reviewing the guilty plea from the Commonwealth since the previous November, and that he had "pondered it quite often." In the same vein, when questioned about whether he had enough time to consult with his attorney about the guilty plea, Mason laughed as he replied, "I think a year is enough." Mason also affirmed that he was satisfied with the services provided by his attorney.

Following this extensive questioning, the trial court accepted Mason's guilty plea, finding it was knowingly, voluntarily, and intelligently made. Mason

signed the plea agreement with the Commonwealth, and the trial court set the matter for sentencing on October 10, 2022. However, on September 28, 2022, the trial court received a handwritten letter from Mason in which he asked to withdraw his guilty plea. Mason complained that his attorney did not follow up on "newly aquired [*sic*] evidence," and that he had signed his plea agreement "while in duress." (Record (R.) at 156.) Mason claimed the source of his duress was that he felt "rushed about the situation." *Id*.

The trial court arranged for Mason to obtain conflict counsel on the issue of withdrawing his guilty plea. Despite its belief that an evidentiary hearing was unnecessary, the trial court conducted a hearing on November 22, 2022, to give the parties an opportunity to argue whether a further evidentiary hearing would be required. Mason's conflict counsel appeared to acquiesce to this process, stating, "Mr. Mason would appreciate at least his position being put into the record." Counsel admitted that Mason, consistent with his statements at the plea colloquy, had the plea agreement paperwork in his possession for about nine months to a year before he signed them. Nonetheless, he argued Mason felt he was under pressure from the upcoming trial date when he agreed to the plea. Regarding the newly acquired evidence to which Mason had alluded in his letter, counsel stated that Mason had reflected on the matter following his plea colloquy, and he believed there was evidence in his favor which he had not previously considered.

Specifically, Mason asserted he had suffered a motorcycle accident somewhere around the same time that the Commonwealth sought to include the extended period of victimization as part of its proposed amendment, and Mason believed the physical injuries he suffered during the accident would have rendered him incapable of abusing V.R. thereby providing him with a defense.

The trial court pointed out that Mason had previously known of the proposed enlargement of the timeline in the indictment, as it was discussed in open court during the plea colloquy. For its part, the Commonwealth contended that Mason's arguments never actually amounted to a claim that his plea was involuntary, and that the only change in the plea offer, from November 2021 until it was signed on July 28, 2022, was the addition of the *Alford* portion requested by the defense.

At the conclusion of these arguments, the trial court found that there was no need for any further evidentiary hearing because, based on the plea colloquy and the totality of the circumstances surrounding the plea, Mason's guilty plea was knowing, intelligent, and voluntary. The trial court also determined Mason's previous counsel was professional and competent, based on his representation of Mason in multiple hearings and the fact that counsel had obtained a very favorable plea agreement. The trial court then denied Mason's request to withdraw his guilty plea. The trial court subsequently sentenced Mason to a

concurrent term of ten-years' imprisonment, in conformity with his plea agreement. This appeal followed.

## II. ANALYSIS

RCr[4] 8.10 provides, in relevant part, as follows: "At any time before judgment the court may permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted." The Kentucky Supreme Court provides the following standard of review for denial of a motion to withdraw a plea:

> To be valid, a plea must be knowing, intelligent and voluntary, and a trial court shall not accept a plea without first determining that it is made voluntarily with understanding of the nature of the charge. . . . A motion to withdraw a plea of guilty under RCr 8.10 is generally addressed to the sound discretion of the court; however, where it is alleged that the plea was entered involuntarily the defendant is entitled to a hearing on the motion. If the plea was involuntary, the motion to withdraw it must be granted; if it was voluntary, the trial court may, within its discretion, either grant or deny the motion. A trial court abuses its discretion when it renders a decision which is arbitrary, unreasonable, unfair or unsupported by legal principles. The inquiry into the circumstances of the plea as it concerns voluntariness is inherently fact-sensitive. Accordingly, the trial court's determination as to whether the plea was voluntarily entered is reviewed under the clearly erroneous standard.

*Williams v. Commonwealth*, 229 S.W.3d 49, 50-51 (Ky. 2007) (citations omitted).

---

[4] Kentucky Rules of Criminal Procedure.

Ordinarily, our standard of review would be for clear error or an abuse of discretion, as outlined in *Williams*. However, Mason admits his issues are unpreserved and requests that we review for palpable error under RCr 10.26. "A palpable error which affects the substantial rights of a party may be considered . . . by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that *manifest injustice* has resulted from the error." *Pons v. Commonwealth*, 673 S.W.3d 813, 817-18 (Ky. App. 2023) (quoting *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006) (emphasis added in *Martin*) (quoting RCr 10.26)). "'[M]anifest injustice' is a relatively high threshold for an appellant to clear. . . . 'To discover manifest injustice, a reviewing court must plumb the depths of the proceeding . . . to determine whether the defect in the proceeding was shocking or jurisprudentially intolerable.'" *Id*. at 818 (quoting *Martin*, 207 S.W.3d at 4).

Mason argues the trial court erred in two respects when it denied his motion to withdraw his guilty plea. First, Mason contends the trial court erroneously evaluated the voluntariness of his plea. He argues there was "a whirlwind of negotiations between defense counsels and prosecutors, complete with defense misunderstandings on the key issue of parole eligibility, leaving [him] feeling pressured to enter a plea." (Appellant's Brief at 13.) In addition, as previously noted, Mason believes his defense counsel had missed his motorcycle

accident as a possible defense against allegations in the proposed amended indictment. Taken together, Mason believes these allegations "implicate some improper conduct on behalf of the defense counsel . . . render[ing] the guilty plea involuntarily [*sic*]."

On the day of the plea colloquy, defense counsel explained to the trial court that discussions with the Commonwealth had revealed that sentences for first-degree sexual abuse were subject to twenty percent parole eligibility, not eighty-five percent, as defense counsel had previously believed.[5] Defense counsel's error cannot reasonably be said to have caused Mason a *reluctance* to take the guilty plea. On the contrary, the reduction from eighty-five percent to twenty percent parole eligibility made the negotiated guilty plea *better* than the one Mason initially believed he was getting. His assertion that this misunderstanding rendered his decision involuntary lacks credibility.

Next, Mason's belief that the motorcycle accident could have provided a possible defense at trial does not change the voluntariness of his guilty plea. As the trial court recognized, Mason was aware of both his motorcycle accident and the Commonwealth's intent to amend the indictment on the day he

---

[5] *See* KRS 439.3401(3)(a) and 501 Kentucky Administrative Regulations (KAR) 1:030. Although the statute defines first-degree sexual abuse as a violent offense, it is classified as either a Class D felony or, when the victim is under twelve years of age, as a Class C felony. Eighty-five percent parole eligibility applies to violent offenses charged as Class A or Class B felonies.

entered his guilty plea. "A guilty plea is involuntary if the defendant lacked full awareness of the direct consequences of the plea or relied on a misrepresentation by the Commonwealth or the trial court." *Bains v. Commonwealth*, 568 S.W.3d 7, 13 (Ky. App. 2018) (quoting *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky. 2006) (citing *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472, 25 L. Ed. 2d 747 (1970))). The record reflects the trial court took great care to ensure Mason was fully aware of the direct consequences of his guilty plea, and there was no misrepresentation by the trial court or the Commonwealth. Mason's recognition of a possible defense after the fact does not constitute "newly acquired evidence," let alone affect the voluntariness of his guilty plea.

Second, Mason contends the trial court prevented his conflict counsel from representing him adequately when it determined that a full evidentiary hearing on his motion was unnecessary, resulting in a violation of his right to due process. While the trial court's process was somewhat truncated, it does not rise to the level of a due process violation as Mason was provided with an opportunity to be heard prior to a ruling on his motion.

We considered a similar claim of unorthodox procedure in *Rigdon v. Commonwealth*, 144 S.W.3d 283 (Ky. App. 2004). In *Rigdon*, we noted that the defendant and his counsel "were both given the opportunity to speak about the allegations . . . raised in his motion to withdraw his guilty plea at the sentencing

hearing, although neither was placed under oath or subjected to cross-examination." *Id*. at 290. We then pointed out that the informal hearing in *Rigdon* "was sufficient under these circumstances for the circuit court to determine the totality of circumstances surrounding [the defendant's] guilty plea[,]" although "an evidentiary hearing would have been the more prudent course since *Rodriguez* [*v. Commonwealth*, 87 S.W.3d 8 (Ky. 2002)] indicates that such a hearing is generally necessary." *Id*.

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 14 L. Ed. 2d 62 (1965)). Although unsworn, the trial court permitted Mason's conflict counsel an opportunity to argue Mason's position during this hearing. As in *Rigdon*, the essential question is whether the hearing, no matter how informal, was sufficient for the trial court to determine the voluntariness surrounding his guilty plea.

"Like the Supreme Court in *Fontaine v. United States*[, 411 U.S. 213, 215, 93 S. Ct. 1461, 1462, 36 L. Ed. 2d 169 (1973)], we recognize that a defendant who expressly represents in open court that his guilty plea is voluntary may not ordinarily repudiate his statements to the sentencing judge." *Edmonds v. Commonwealth*, 189 S.W.3d 558, 568 (Ky. 2006) (quoting *United States v.*

*Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). Nonetheless, "[t]he validity of a guilty plea must be determined not from specific key words uttered at the time the plea was taken, but from considering the totality of circumstances surrounding the plea." *Centers v. Commonwealth*, 799 S.W.2d 51, 54 (Ky. App. 1990). The fundamental flaw in Mason's argument, as the Commonwealth correctly pointed out during the hearing, was his failure to make any colorable claim of involuntariness. Mason's conflict counsel argued Mason felt pressure from his upcoming trial date, and Mason has attempted to link that external stressor to a claim of "duress." It is true that duress will render the entry of a guilty plea involuntary; *see Adams v. Tuggle*, 300 Ky. 751, 754, 189 S.W.2d 601, 602 (1945). However, the ordinary pressures of a trial calendar are insufficient to support a claim of duress. *Cf. Blanton v. Commonwealth*, 516 S.W.3d 352, 357 (Ky. App. 2017) (holding that a defendant's external stress from a desire to visit his ailing mother did not make his decision to plead guilty involuntary).

At best, Mason has evinced a claim that he may have had a valid defense to the offenses in the proposed amended indictment. Nevertheless, this does not amount to duress, but merely regret. "Regrets after entering a plea are not uncommon, especially when the plea bargain includes the recommendation for a substantial sentence (as was the case herein). However, regrets alone do not require that a trial court allow a defendant to withdraw his guilty plea." *Zapata v.*

*Commonwealth*, 676 S.W.3d 390, 398 (Ky. 2020). Furthermore, "[a] change of heart – even a 'good faith change of heart' – is not a fair and just reason that entitles [one] to withdraw his plea." *Commonwealth v. Pridham*, 394 S.W.3d 867, 885 (Ky. 2012) (citation omitted).

Although, as in *Rigdon*, we believe it may have been more prudent for the trial court to conduct a full evidentiary hearing where Mason and his counsel were placed under oath, we cannot discern any manifest injustice arising from the trial court's denial of Mason's motion to withdraw his guilty plea. Mason, through his appointed conflict counsel, was provided an opportunity to address the substance of his motion to withdraw in open court. Based on the record, it appears that conflict counsel adequately explained the basis of Mason's motion, and the trial court evaluated the motion appropriately. The trial court's plea colloquy was exceedingly thorough, and its decision to find the plea knowing, intelligent, and voluntary under a totality of the circumstances was not clearly erroneous.

### III. CONCLUSION

For the foregoing reasons, we affirm the amended final judgment of the Kenton Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jennifer Wade
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky