RENDERED: MARCH 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0402-MR

LLOYD JACKSON STEVENSON                       APPELLANT

APPEAL FROM LOGAN CIRCUIT COURT
v.          HONORABLE JOE W. HENDRICKS, JR., JUDGE
ACTION NO. 22-CR-00153

COMMONWEALTH OF KENTUCKY               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, KAREM, AND McNEILL, JUDGES.

McNEILL, JUDGE: In 2022, Appellant, Lloyd Stevenson (Stevenson), was

indicted by a Logan County grand jury for first-degree sexual assault of a minor

under sixteen years of age, and for being a first-degree persistent felony offender

(PFO-1). With the advice of counsel, Stevenson pleaded guilty to the sexual

assault charge and an amended charge of PFO-2. *See Boykin v. Alabama*, 395 U.S.

238 (1969). As a result, he agreed to serve a five-year prison sentence, enhanced

to eight years. Stevenson retained new counsel and filed a motion to withdraw his

guilty plea. He then filed a motion to withdraw the previous motion to withdraw, and to enter an *Alford* plea. *See North Carolina v. Alford*, 400 U.S. 25 (1970). The circuit court addressed this pending motion at the final sentencing hearing, and specifically inquired whether there were any remaining issues. The parties articulated their desire to proceed, and the court sentenced Stevenson in accordance with his plea agreement. He appeals to this Court as a matter of right, on the basis that his plea was invalid. For the following reasons, we affirm.

> When determining whether a guilty plea was entered knowingly, voluntarily, and intelligently, trial courts must consider the totality of the circumstances. This inquiry is inherently fact-sensitive and we review for clear error.

*Commonwealth v. Patton*, 539 S.W.3d 651, 653 (Ky. 2018) (internal quotation marks and citations omitted).

> If, however, the trial court determines that the guilty plea was entered voluntarily, then it may grant or deny the motion to withdraw the plea at its discretion. This decision is reviewed under the abuse of discretion standard. A trial court abuses its discretion when it renders a decision which is arbitrary, unreasonable, unfair, or unsupported by legal principles.

*Rigdon v. Commonwealth*,144 S.W.3d 283, 288 (Ky. App. 2004) (footnotes omitted).

In support of his argument on appeal, Stevenson asserts that he did not believe that his sentence would be subject to the PFO enhancement and, therefore,

that he would be parole eligible after serving twenty percent of a five-year term, instead of an eight-year term. *See Edmonds v. Commonwealth,* 189 S.W.3d 558, 567 (Ky. 2006) (internal quotation marks omitted) ("A defendant's eligibility for parole is not a direct consequence of a guilty plea the ignorance of which would render the plea involuntary."). Stevenson further asserts that, because it is alleged that the plea was entered involuntarily, that a hearing on his motion to withdraw was required. *See Williams v. Commonwealth*, 229 S.W.3d 49, 51 (Ky. 2007).

Having reviewed the arguments and record presented, Stevenson's specific assertions either lack adequate preservation, or are otherwise unpersuasive. More precisely, the court engaged Stevenson during the plea colloquy concerning the specific matters with which he now takes issue. The court also reminded Stevenson that his sentence was ineligible for probation. Stevenson's responses indicate that he understood and lawfully consented to the plea. And he was permitted to obtain conflict counsel to challenge his plea. Instead, all parties agreed to move forward with sentencing. Therefore, a hearing on the motion to withdraw would have been either moot or futile. In consideration of the totality of the circumstances, we cannot conclude that the circuit court committed clear error, or that it ultimately abused its discretion. Therefore, we AFFIRM.

ALL CONCUR.

BRIEF FOR APPELLANT:

Erin Hoffman Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Rachel A. Wright
Assistant Attorneys General
Frankfort, Kentucky