RENDERED: FEBRUARY 21, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1407-MR

GREGG BLAKELEY                                       APPELLANT


|   |   |
|---|---|
| v. | APPEAL FROM MUHLENBERG CIRCUIT COURT<br>HONORABLE BRIAN WIGGINS, JUDGE<br>ACTION NO. 20-CR-00040 |


COMMONWEALTH OF KENTUCKY                         APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND McNEILL, JUDGES.

McNEILL, JUDGE: Gregg Blakeley ("Blakeley") pled guilty in the Muhlenberg Circuit Court to two counts of second-degree sodomy, KRS[1] 510.080, and two counts of first-degree sexual abuse, KRS 510.110, and was sentenced to ten-years' imprisonment. Before sentencing, Blakeley moved under RCr[2] 8.10 to withdraw

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Criminal Procedure.

his guilty plea, alleging his plea was involuntary due to coercion and ineffective assistance of counsel. The circuit court denied the motion without an evidentiary hearing. For the reasons below, we affirm.

## BACKGROUND

In January 2020, Blakeley was indicted in Muhlenberg County for two counts of incest, two counts of first-degree sodomy, and two counts of first-degree sexual abuse against his minor daughter, C.B. Over three years later, he pled guilty pursuant to a plea agreement. The Commonwealth dismissed the two counts of first-degree incest and amended the counts of first-degree sodomy to second-degree sodomy. Before sentencing, Blakeley moved to withdraw his guilty plea and requested an evidentiary hearing. Blakeley argued that his plea was involuntary and that his counsel had been ineffective.

While his motion made various general allegations, the core of his argument concerned two reports Blakeley believed his attorney had reviewed before advising him to plead guilty. One of the reports stemmed from a confession made to detectives in a companion case out of Franklin County. Blakeley's attorney in that case had hired a false confession expert to opine on coercive factors present during Blakeley's interview. The other report was a neuropsychological assessment performed on C.B. at the request of the Cabinet which revealed that she likes to watch true crime television shows, specifically

-2-

about sexual crimes, and suggested that she may have fabricated the stories about Blakeley abusing her.

Blakeley's motion claimed that had he known his attorney had not reviewed these reports, he would not have pleaded guilty but would have insisted on going to trial. He believed his attorney's advice to plead guilty was given with full knowledge of the reports' contents, having considered any possible defenses based on them. He also argued that his attorney should have hired a false confession expert, as in his Franklin County case. The court denied the motion without a hearing, holding that the record directly refuted Blakeley's claim of involuntariness, citing the plea colloquy. As to ineffective assistance, the court held Blakeley's claims failed under one or both prongs of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This appeal followed.

**STANDARD OF REVIEW**

"To be valid, a plea must be knowing, intelligent and voluntary[.]" *Williams v. Commonwealth*, 229 S.W.3d 49, 50 (Ky. 2007) (citation omitted). "A motion to withdraw a plea of guilty under RCr 8.10 is generally addressed to the sound discretion of the court; however, where it is alleged that the plea was entered involuntarily the defendant is entitled to a hearing on the motion." *Id.* at 51 (citing *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky. 2006)). Similarly, our

Supreme Court has "recognized that an evidentiary hearing is often necessary in cases where a defendant claims his plea was involuntary due to counsel's ineffective assistance in order to determine 'what transpired between attorney and client[.]'" *Commonwealth v. Elza*, 284 S.W.3d 118, 122 (Ky. 2009) (quoting *Rodriguez v. Commonwealth*, 87 S.W.3d 8, 10 (Ky. 2002)). "The exception to this general rule is that [t]he trial court is free to deny a motion under RCr 8.10 without an evidentiary hearing, if the allegations in the motion are inherently unreliable, are not supported by specific facts or are not grounds for withdrawal even if true." *Zapata v. Commonwealth*, 516 S.W.3d 799, 801-02 (Ky. 2017) (internal quotation marks and citation omitted); *see also Stiger v. Commonwealth*, 381 S.W.3d 230, 234 (Ky. 2012) (citation omitted) ("Motions which fail adequately to specify grounds for relief may be summarily denied, as may be motions asserting claims refuted or otherwise resolved by the record.").

"The inquiry into the circumstances of the plea as it concerns voluntariness is inherently fact-sensitive." *Williams*, 229 S.W.3d at 51 (citing *Edmonds*, 189 S.W.3d at 566). "Accordingly, the trial court's determination as to whether the plea was voluntarily entered is reviewed under the clearly erroneous standard." *Id.* (citing *Edmonds*, 189 S.W.3d at 566). "A decision which is supported by substantial evidence is not clearly erroneous." *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004) (citation omitted). If the

-4-

trial court determines the plea was voluntary, as in this case, its decision to deny the motion to withdraw is reviewed for abuse of discretion. *Bronk v. Commonwealth*, 58 S.W.3d 482, 487 (Ky. 2001). A trial court abuses its discretion when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

## ANALYSIS

Blakeley argues the trial court erred in denying his motion to withdraw his guilty plea without an evidentiary hearing. The circuit court determined Blakeley was not entitled to an evidentiary hearing because his claims were either refuted by the record or failed as a matter of law. As to involuntariness, the court pointed to the video record of the plea hearing and found that Blakeley was "calm, lucid, and responded immediately and affirmatively to the Court's questions." Regarding ineffective assistance, the court identified three allegations in Blakeley's motion: counsel did not communicate; counsel did not provide the Commonwealth with the two reports; and counsel did not file a motion to suppress the false confession or obtain funds for an additional false confession expert. The court found all three claims failed under *Strickland*.

On appeal, Blakeley states his motion to withdraw his guilty plea contained two grounds: (1) his plea was involuntary because he was under

extreme mental and emotional duress and (2) his plea was involuntary due to ineffective assistance of counsel. As to the first, he claims he was entitled to a hearing because the motion alleged his plea was involuntary, citing *Russell v. Commonwealth*, 495 S.W.3d 680, 683 (Ky. 2016) (citations omitted) ("If a Criminal Rule 8.10 motion alleges that the plea was not entered into knowingly, intelligently, or voluntarily, then the defendant is entitled to an evidentiary hearing to determine the validity of the plea."). We reject Blakeley's contention that he was entitled to an evidentiary hearing simply because his RCr 8.10 motion alleged his plea was involuntary. "[T]he trial court is free to deny a motion under RCr 8.10 without an evidentiary hearing, if the allegations in the motion are inherently unreliable, are not supported by specific facts or are not grounds for withdrawal even if true." *Zapata*, 516 S.W.3d at 801-02 (internal quotation marks and citation omitted).

Here, Blakeley alleged "he was under extreme mental and emotional duress and overcome by the pressures of his attorney to plead guilty." However, he did not support his claims of "extreme mental and emotional duress" or "pressure[] [from] his attorney to plead guilty" with specific facts. He insists "there was coercion and duress that happened outside of the courtroom" but does not give examples. "[C]onclusory allegations unsupported by specifics [are] subject to summary dismissal[.]" *Edmonds*, 189 S.W.3d at 569.

-6-

As to his claim that his plea was involuntary due to ineffective assistance of counsel, Blakeley essentially makes two arguments: (1) there was a lack of communication between him and his attorney and (2) his attorney failed to investigate and pursue defenses based on the two reports. "Ineffective assistance of counsel is a well-recognized premise for an RCr 8.10 motion to withdraw a guilty plea under Kentucky law." *Greene v. Commonwealth*, 475 S.W.3d 626, 629 (Ky. 2015) (citations omitted). To prove counsel was ineffective Blakeley must establish:

> (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

*Bronk*, 58 S.W.3d at 486-87 (citations omitted). "Motions adequately alleging valid claims not refuted by the record entitle the movant to an evidentiary hearing." *Stiger v. Commonwealth*, 381 S.W.3d 230, 234 (Ky. 2012) (citation omitted).

Here, Blakeley's ineffective assistance claims are refuted by the record. Therefore, he was not entitled to an evidentiary hearing. Blakeley alleged his counsel was ineffective in failing to communicate. Specifically, he had not seen his attorney in "quite some time" when he accepted the plea deal a week before trial. Blakeley does not clarify exactly how long "quite some time" is. He

also does not allege that counsel did not communicate with him at all, as noted by the circuit court. "The fact that counsel consulted only briefly with his client before his client entered a guilty plea does not, absent more, establish ineffective assistance of counsel; it is only a factor to be considered in the totality of the circumstances." *Rigdon*, 144 S.W.3d at 290 (citing *Jones v. Parke*, 734 F.2d 1142, 1146-47 (6th Cir. 1984)). Without more, Blakeley cannot establish ineffective assistance.

While Blakeley makes the cursory claim that he never discussed trial strategy or pretrial motions with his lawyer or viewed the alleged victim's statement before pleading guilty, the record also directly refutes this claim. Blakeley signed an AOC-491 form "Motion to Enter Guilty Plea" where he acknowledged that he and his attorney "fully discussed" any possible defenses to the charges against him. His attorney also signed a "Certificate of Counsel" verifying that he fully discussed with Blakeley the charges against him and possible defenses he had and that he believed Blakeley understood the charges and potential defenses. During the plea colloquy, Blakeley told the circuit court that he was familiar with the motion to enter the guilty plea, signed it, and had gone over it with his lawyer. He affirmed he understood everything contained in the motion to enter a guilty plea and denied having any questions.

Turning to his second argument, Blakeley says the circuit court misunderstood the nature of his ineffective assistance claim regarding the expert reports. He argues that his decision to plead guilty was not intelligent and informed because it was based on the mistaken belief his attorney had seen the experts' reports when he had not.[3] He assumed his attorney had reviewed the report and considered any possible defenses when recommending he plead guilty. Blakeley argues his counsel was ineffective in failing to adequately investigate and pursue defenses based on the false confession expert's report,[4] including hiring a false confession expert in his Muhlenberg County case. According to Blakeley, if he had known his attorney had not seen the report, he would not have pleaded guilty.

"Defense counsel has a duty to conduct a reasonable investigation of law and facts relevant to potential defenses." *Commonwealth v. Rank*, 494 S.W.3d 476, 485 (Ky. 2016); *see also Commonwealth v. McGorman*, 489 S.W.3d 731, 743 (Ky. 2016) (citation omitted) ("Under *Strickland*, counsel has an affirmative duty to conduct reasonable investigations or to make a reasonable decision that makes

---

[3] Although Blakeley's motion to withdraw his guilty plea used the term "involuntary," based upon the allegations, his argument appears to be that his decision to plead guilty was not based upon all the relevant information. Thus, it would be more accurate to characterize his argument as being that his plea was not knowing or intelligent.

[4] While Blakeley's motion mentions the false confession expert's report and the psychological assessment performed on the alleged victim, his main allegation of ineffective assistance appears to concern the false confession expert's report.

particular investigations unnecessary."). "The reasonableness of counsel's investigation depends on the circumstances of the case." *Hodge v. Commonwealth*, 68 S.W.3d 338, 344 (Ky. 2001), *as modified on denial of reh'g* (Mar. 21, 2002) (citation omitted). The record is unclear whether defense counsel conducted a reasonable investigation into the report or considered related defenses, including hiring a false confession expert. In *Tigue v. Commonwealth*, 600 S.W.3d 140 (Ky. 2018), our Supreme Court held that false-confession expert testimony may be admissible "to explain to the jury that some defendants give, for whatever reason, false confessions to a crime, and that Defendant has psychological traits that make it possible that he would give a false confession." *Id.* at 161 (citation omitted).

However, even assuming counsel's performance was deficient, Blakeley cannot show prejudice. Therefore, the record refutes his claim of ineffective assistance as to this issue and he was not entitled to an evidentiary hearing. In addition to deficient performance, "at the pleading stage it is movant's burden to allege specific facts which, if true, would demonstrate prejudice." *Stiger*, 381 S.W.3d at 237.

To establish prejudice in the guilty plea context, "the challenger must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v.*

*Pridham*, 394 S.W.3d 867, 876 (Ky. 2012) (internal quotation marks and citations omitted). "A conclusory allegation to the effect that absent the error the movant would have insisted upon a trial is not enough." *Stiger*, 381 S.W.3d at 237. He must convince the court "that a decision to reject the plea bargain would have been rational under the circumstances." *Williams v. Commonwealth*, 336 S.W.3d 42, 48 (Ky. 2011) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010)).

The question is: had Blakeley's attorney read the reports and hired a false-confession expert, is there "a reasonable probability that [Blakeley] would have rejected the Commonwealth's plea offer and taken his chances at trial[?]" *Stiger*, 381 S.W.3d at 237. In this case, we do not believe it would have been rational for Blakeley to turn down the plea offer and proceed to trial. Blakeley was aware of both reports when he pleaded guilty; he has not shown how his attorney's seeing the reports or hiring a second false confession expert would have changed his mind.

First, the risk of going to trial was significant. Blakeley was charged with four Class A felonies, each carrying a potential of life imprisonment. By accepting the plea offer, Blakeley guaranteed his release in ten years maximum. Second, it is not likely Blakeley would have fared any better at trial. He was charged with incest, sodomy, and sexual abuse of a child under twelve. "[T]he

-11-

sexual molestation of young children . . . is widely viewed as one of the most, if not the most, reprehensible crimes in our society." *R.O. v. A.C. ex rel. M.C.*, 384 S.W.3d 185, 190 (Ky. App. 2012) (quoting *Ohio v. McKinniss*, 795 N.E.2d 160, 163 (Ohio App. 3d 2003)). Presumably, the victim would have testified at trial and Blakeley's incriminating statements to the police would have supported her testimony.

Finally, Blakeley has not alleged any valid defenses to the charges, or a pending suppression motion that would undermine the Commonwealth's case. *Stiger*, 381 S.W.3d at 237. While he claims his attorney should have filed a suppression motion based on the false confession report, he has not demonstrated that such a motion would be successful. Even assuming Blakeley found a false confession expert to testify at trial, and such testimony was admissible, it would be limited to why some people give false confessions. *Tigue*, 600 S.W.3d at 161. Blakeley's incriminating statements would still be admissible. Coupled with the victim's testimony, we find it unlikely that false confession expert testimony would have been successful at trial. And while Blakeley describes the victim's psychological report as "favorable" and "exculpatory," assuming it was admissible, a jury might just as easily interpret the report as evidence that Blakeley took

-12-

advantage of a vulnerable child.[5]  In sum, Blakeley has not shown prejudice and an evidentiary hearing on this claim was unwarranted.

Substantial evidence supported the circuit court's conclusion that Blakeley's guilty plea was voluntarily entered.  Blakeley signed an AOC-491 form "Motion to Enter Guilty Plea" which attested his plea was "freely, knowingly, intelligently and voluntarily made[.]"  Before accepting the plea, the court questioned Blakeley, under oath, about the motion to enter a guilty plea.  Blakeley stated he had discussed the motion with his attorney and understood its contents. He denied having any questions concerning the motion.  These "[s]olemn declarations in open court carry a strong presumption of verity."  *Edmonds*, 189 S.W.3d at 569.  As held above, Blakeley did not allege a valid claim of involuntariness and the circuit court did not abuse its discretion in denying his motion to withdraw his guilty plea without an evidentiary hearing.  *See Pridham*, 394 S.W.3d at 874 (citations omitted) ("Motions which fail adequately to specify grounds for relief may be summarily denied, as may be motions asserting claims refuted or otherwise resolved by the record.").

---

[5] The neuropsychological report observed that the victim ("C.B.") had "poor eye contact" and "presented as an anxious person."  It described her as "odd" and noted she "has few or no real friends."  It concluded that C.B.'s "emotional and behavioral problems are consistent with Autism."

## CONCLUSION

Based on the foregoing, the judgment of the Muhlenberg Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Aaron Reed Baker
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky