RENDERED: OCTOBER 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0292-MR

MONTEZ BENJAMIN                                                APPELLANT

APPEAL FROM HICKMAN CIRCUIT COURT
v.        HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 22-CR-00016

COMMONWEALTH OF KENTUCKY                          APPELLEE

AND

NO. 2024-CA-0306-MR

MONTEZ BENJAMIN                                                APPELLANT

APPEAL FROM HICKMAN CIRCUIT COURT
v.        HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 22-CR-00002

COMMONWEALTH OF KENTUCKY                          APPELLEE

** ** ** ** **

BEFORE: CALDWELL, EASTON, AND L. JONES, JUDGES.

JONES, L., JUDGE: Montez Benjamin brings Appeal No. 2024-CA-0292-MR from a February 17, 2024 Judgment and Sentence on a Plea of Guilty and brings Appeal No. 2024-CA-0306-MR from a February 16, 2024 Judgment and Sentence on a Plea of Guilty both entered in the Hickman Circuit Court. We affirm.

On January 20, 2022, Benjamin was indicted by a Hickman County Grand Jury (Case No. 22-CR-00002; Appeal No. 2024-CA-0306-MR) upon the following counts: one count of Possession of Drug Paraphernalia; one count of Possession of a Controlled Substance, First Degree; one count of Operating a Motor Vehicle Under the Influence, Fourth Offense; one count of Driving on DUI Suspended License, Second Offense; one count of Trafficking in Marijuana, less than 8 ounces, First Offense; and Persistent Felony Offender (PFO), First Degree. Then, on May 19, 2022, Benjamin was indicted (Case No. 22-CR-00016; Appeal No. 2024-CA-0292-MR) upon the following counts: one count of Trafficking in a Controlled Substance, First Degree, Second or Greater Offense; one count of Possession of a Controlled Substance, First Degree, Methamphetamine; one count of Possession of Drug Paraphernalia; and PFO, First Degree.

On September 15, 2022, Benjamin appeared before the court with counsel and entered pleas of guilty in both cases (Case Nos. 22-CR-00002 and 22-CR-00016). Pursuant to the Commonwealth's offer in Case No.22-CR-00002, Benjamin pleaded guilty to the indicted counts, except the PFO count, which was dismissed, in exchange for a recommended total combined sentence of seven years' imprisonment. Pursuant to the Commonwealth's offer in Case No. 22-CR-00016, Benjamin pleaded guilty to the indicted counts, except the PFO count, which was dismissed, in exchange for a recommended total combined sentence of nine-and-one-half years' imprisonment. The recommendation provided the sentences were to run consecutively for a total of sixteen-and-one half years. The circuit court accepted Benjamin's guilty pleas and set final sentencing for November 17, 2022.

On January 25, 2023, Benjamin filed a Motion to Withdraw Guilty Plea in both cases (Case Nos. 22-CR-00002 and 22-CR-00016). On August 3, 2023, the circuit court entered Findings of Fact, Conclusions of Law, and Orders denying Benjamin's motions to withdraw his guilty pleas. Thereafter, on February 16, 2024, a Judgment and Sentence on Plea of Guilty was entered in Case No. 22-CR-00002, and on February 17, 2024, a Judgment and Sentence on Plea of Guilty was likewise entered in Case No. 22-CR-00016. Pursuant thereto, Benjamin was sentenced to a combined total sentence of sixteen-and-one-half years'

imprisonment, consistent with the Commonwealth's recommendation. These appeals follow.

Benjamin contends the circuit court erred by denying his motions to withdraw his guilty pleas. More specifically, Benjamin asserts his guilty pleas were not entered into knowingly, intelligently, and voluntarily due to misinformation provided by a member of his defense team (an investigator with the Department of Public Advocacy) and due to his medical condition.[1]

The withdrawal of a guilty plea is governed by RCr[2] 8.10, which provides, in relevant part that "[a]t any time before judgment the court may permit the plea of guilty . . . to be withdrawn[.]" And, in *Williams v. Commonwealth*, 229 S.W.3d 49, 50-51 (Ky. 2007), our Supreme Court set forth the following regarding withdrawal of a previously entered guilty plea:

> To be valid, a plea must be knowing, intelligent and voluntary, *Haight v. Commonwealth*, 760 S.W.2d 84, 88 (Ky. 1988), and a trial court shall not accept a plea without first determining that it is made voluntarily with understanding of the nature of the charge. RCr 8.08. RCr 8.10 provides that a guilty plea may be withdrawn with permission of the court before judgment. A motion to withdraw a plea of guilty under RCr 8.10 is generally addressed to the sound discretion of the court; however, where it is alleged that the plea was entered involuntarily the defendant is entitled to a hearing on the motion. *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky. 2006). If the plea was involuntary, the motion to

---

[1] Benjamin apparently suffers from congestive heart failure.

[2] Kentucky Rule of Criminal Procedure.

> withdraw it must be granted; if it was voluntary, the trial court may, within its discretion, either grant or deny the motion. *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004). A trial court abuses its discretion when it renders a decision which is arbitrary, unreasonable, unfair or unsupported by legal principles. *Edmonds*, 189 S.W.3d at 570. The inquiry into the circumstances of the plea as it concerns voluntariness is inherently fact-sensitive. *Id.* at 566. Accordingly, the trial court's determination as to whether the plea was voluntarily entered is reviewed under the clearly erroneous standard. *Id.*

In the case *sub judice*, Benjamin engaged in a sufficient plea colloquy with the circuit court. During the plea colloquy, Benjamin acknowledged he had not been coerced into pleading guilty and he had not been promised anything in exchange for his guilty plea. Benjamin maintained his guilty plea was entered into voluntarily, and he had been given the time necessary to consider the plea offer. Benjamin stated he had previously pleaded guilty to other crimes; thus, he had experience navigating the plea process. Benjamin also acknowledged that despite having knowledge of his medical issues, he did not mention these issues to the circuit court during the plea colloquy.

In its August 3, 2023 Findings of Fact, Conclusions of Law, and Orders denying Benjamin's motions to withdraw his guilty pleas, the circuit court found that Benjamin's guilty pleas were made knowingly, intelligently, and voluntarily and that there was no evidence of coercion or undue influence. The circuit court specifically reasoned:

11.  This Court held an evidentiary hearing on the 1st day of August, 2023, and [Benjamin] testified that he only entered his guilty pleas in the Hickman [County] Cases on the advice of counsel and an individual employed by the Department of Public Advocacy as an investigator. He further stated that counsel and the investigator advised him that he could withdraw his guilty plea after its submission to the Court, and that entering a plea of guilty was the most expedient way for [Benjamin] to acquire higher-quality healthcare.  These allegations were not substantiated by any other testimony.

12.  [Benjamin] stated in his testimony that he was diagnosed with congestive heart failure on the 22nd day of September, 2022, however the Court noted a furlough order entered by this Court on the 26th day of September, 2022.  He was not in state custody at that time, and the furlough order noted that the Ballard County Jail was meeting his medical needs by transporting him to Western Baptist Hospital.

13.  The Court took the opportunity to review the record of the entry of [Benjamin's] plea from the 15th day of September, 2022.  At no time did [Benjamin] give any indication of health problems or other coercion to this Court.  The Court gave [Benjamin] two opportunities to further discuss the plea with his attorneys during that time.  Both were rejected by [Benjamin] at time stamp on the tape of 10:14:23 and 10:17:24.

R at 89-90.

Based upon our review of the record, and the circuit court's analysis of same, we cannot conclude that the circuit court's finding that the plea agreement was entered into knowingly, intelligently, and voluntarily was clearly erroneous as there was substantial evidence to support the circuit court's finding.  And, the

circuit court did not abuse its discretion by denying Benjamin's motions to withdraw his guilty pleas.

We view any remaining contentions of error as moot or without merit.

We affirm the circuit court's August 3, 2023 Findings of Fact, Conclusions of Law, and Orders denying Benjamin's motions to withdraw his guilty pleas.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Molly Mattingly
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Christopher Henry
Assistant Solicitor General
Frankfort, Kentucky